### DADY v. O'ROURKE et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. JUDGMENT—APPEAL—STAY OF EXECUTION.

A judgment directing defendant to deliver certain shares of capital stock to plaintiff is a judgment directing the delivery of a document or of personal property, within Code Civ. Proc. § 1328, providing that, if appeal is taken from such a judgment, it does not stay the execution thereof until the thing directed to be delivered is brought into the court below, or the appellant gives a written undertaking as prescribed in section 1329, in a sum fixed by the court

2. SAME.

Under Code Civ. Proc. § 1328, the appellant is entitled to a stay as a matter of right.

Appeal from special term, Kings county.

Action by Michael J. Dady against John H. O'Rourke, impleaded with the Hamilton Trust Company. From an order denying defendants' motion to fix the amount of a written undertaking to stay the execution of a judgment in favor of plaintiff, defendant O'Rourke appeals. Reversed. See 70 N. Y. Supp. 694.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and SEWELL, JJ.

L. Laflin Kellogg, for appellant.
James C. Church, for respondent.

WILLARD BARTLETT, J. The judgment in this action, from which the defendant O'Rourke has appealed, declares the contract between the plaintiff and the said defendant to be broken and rescinded on the part of such defendant, and directs the other defendant, the Hamilton Trust Company, to deliver to the plaintiff 687 shares of the capital stock of the Hygienic Ice Company, heretofore deposited by the plaintiff with the said trust company. This is clearly a judgment directing the delivery of a document or of personal property, within the meaning of section 1328 of the Code of Civil Procedure. That section provides that, where an appeal is taken from such a judgment, it does not stay the execution of such judgment "until the thing directed to be assigned or delivered is brought into the court below, or placed in the custody of an officer or receiver, designated by that court; or the appellant gives a written undertaking as prescribed in the next section." Referring to the next section, we find that the written undertaking therein prescribed must be "in a sum fixed by the court below, or a judge thereof, to the effect that the appellant will obey the direction of the appellate court upon the appeal." Code Civ. Proc. § 1329. The appellant has appplied unsuccessfully to a justice of this court at special term to fix the amount of an undertaking to stay the execution of the judgment herein under these provisions of the Code. The action of the court below appears to have been based upon the idea that a stay, under section 1328 of the Code, is not a matter of right, but may be granted or withheld, in the exercise of judicial discretion. We think this view is incorrect. Sections 1328–1331 of the Code of Civil Procedure provide various methods, applicable to various classes of cases, whereby execution of the judgment or order appealed from may be stayed pending an appeal upon the compliance by the appellant with certain prescribed conditions. These conditions are to some extent dependent upon the exercise of judicial discretion. Thus the sum in which a written undertaking is to be given to stay the execution of a judgment directing the delivery of personal property or the recovery of a chattel is to be fixed by the court from which the appeal is taken, or by one of the judges of that tribunal. When this sum has been fixed, however, and the appellant gives a written undertaking in that amount, the proceedings are thereby stayed without any further judicial action; and we think that the appellant in such a case has the right, upon an application for that purpose, to have some

amount fixed as the sum to be specified in the undertaking. We are of the opinion that the judge to whom such an application is made cannot prevent him from obtaining a stay by refusing to fix any amount at all. Such was the view of the provisions of section 1331 of the Code taken by the general term of the Fourth department in the case of Grow v. Garlock, 29 Hun, 598. There it was said: "The case is not one resting in the discretion of the court. The statute prescribes what shall effect a stay. If the undertakings given by the appellants were such as the statute required to be given for that purpose, the appellants needed no order; if they were not, no order assuming to stay proceedings could aid them." This construction of section 1331 was approved by the court of appeals in Werner v. Tuch, 119 N. Y. 632, 23 N. E. 573. The provisions of section 1331 are so analogous to those of section 1328 that the same construction must be applied to both. The order appealed from should be reversed, and the case remitted to the special term for the exercise of its discretion in fixing the amount of the prescribed undertaking.

Order reversed, with $10 costs and disbursements, and case remitted to the special term for the exercise of its discretion in fixing the amount of the prescribed undertaking. All concur.