STATE, Plaintiff, v. CARLSON et al, Defendants.

(157 N. W. 657.)

(File No. 3999. Opinion filed May 1, 1916.)

1. **Appeals—Appeal from Judgment Enjoining Nuisance and Pro-
hibiting Licensed Liquor Sales—Supersedeas Bond, Applica-
tion to Supreme Court for—Supersedeas Statute, Application
of to Prohibitive Injunction.**

Code Civ. Proc., Sec. 457, provides that when the trial court
shall neglect or refuse to make an order staying proceedings
upon an appeal, the Supreme Court shall make such order;
Sec. 451 provides that, if the judgment appealed from direct
the abatement, or restraint of the continuance of a nuisance,
the execution of the judgment shall not be stayed by the appeal
unless an undertaking be given conditioned that appellant will
pay all damages the opposite party may sustain by continuance
of the unisance. Held, upon application by defendants for an
order fixing the amount of an undertaking on appeal to stay
the enforcement of a judgment of the trial court, in a civil
action, declaring certain premises and the business of selling
intoxicating liquors at retail therein to be a public and common
nuisance, and directing the sheriff to abate such nuisance by
removing the liquors, unless defendants should remove them,
and restraining defendants from permitting any liquors on the
premises, and from selling or offering for sale any such liquors
thereon, and perpetually enjoining and prohibiting defendants
from continuing or engaging in any business requiring pay-
ment of a liquor license, that section 451 does not apply to
prohibitive injunctions, and that the undertaking applied for,
while it would in effect stay the mandatory provisions of the
judgment, would not affect the prohibitive provisions therein.

Gates, J., and Smith, J., dissenting.

2. **Statutes—Construction of—Former Law Modified by Compilers—
Construction in Absence of Ambiguity.**

Where there is no ambiguity in a section of the present

statute as it now reads, its construction cannot be controlled
by the wording of such section as it read before the unauthor-
ized change therein by the compilers of the Compiled Laws
had been made.    So **held,** in construing Code Civ. Proc., Sec.
451, wherein it reads:  "If the judgment appealed from direct
the abatement, or restraint of the continuance of a nuisance,"
etc., sec. 5225, Comp. Laws 1887, before being so changed,
containing the phrase "direct the abatement or the restraint
of the continuance of a nuisance."

Original proceeding in Supreme Court by way of applica-
tion, under Sec. 457, Code Civ. Proc., for an order fixing the
amount of an undertaking on an uncompleted appeal to the
Supreme Court, which shall operate as a supersedeas, in a civil
action by the State of South Dakota against Chris Carlson and
another, wherein a judgment was entered by the trial court
against defendants, declaring certain premises and the business
of selling intoxicating liquors at retail therein to be a public
nuisance, directing the sheriff to abate it, and restraining the de-
fendants from allowing any liquors upon the premises, or from
selling any liquor therefrom, and perpetually enjoining and pro-
hibting them from continuing any business requiring payment of
a liquor license; said defendants having applied for said order.
Amount of stay undertaking fixed at the sum of $500 with sure-
ties, and restraining order issued by Supreme Court continued
in force for ten days.

R. A. Dunham, and G. F. Sherwood, for plaintiff.

Hanten & Hanten, and Perrett F. Gault, for defendants.....

Plaintiff cited: Code Civ. Proc., Secs. 451, 453;  Sec. 1410,
page 1289; 3 Corpus Juris, and cases cited; Section 2361, Civil
Code.

Plaintiff submitted That: A stay of proceedings granted on
supercedeas bond does not, and should not interfere with the
injunctional order contained in the judgment; and cited: Sixth
Ave. R. R. Co., v. Gilbert E. R. R. Co. 71 N. Y. 430; State ex
rel A. S. Gibson et al v. Superior Court, Vol. 4, Am. and Eng.
Ann. Cases, 229; Lindsay v. Dist. Court of Clayton Co., 39 N.
W. 817.

Defendant cited: Code Civ. Proc. Secs. 457, 451, 446, 449,
450, 452, 459; 3 Corpus Juris, page 1286, 1397, 1410; In re
Taber, 13 S. D. 62; 22 Cyc. 970.

WHITING, J.   This is an original proceeding in this court. It is an application, under the provisions of section 457, C. C. P., for an order fixing the amount of an undertaking on appeal for the purpose of staying the enforcement of the judgment of a trial court. The application is based upon a showing that the trial court has refused and neglected to fix the amount of a stay undertaking upon an appeal to this court which the defendants desire to take. In the case of the above title, a civil action pending in the circuit court of the Third judicial circuit within and for Clark county, a judgment was entered on March 14, 1916, declaring certain premises in the town of Vienna and the business of selling intoxicating liquors at retail therein to be a public and common nuisance; directing the sheriff to abate such nuisance by removing from such premises all spirituous, malt, brewed, fermented, or vinous liquors, unless the defendants caused the same to be done within three days; restraining the defendants, their agents, servants, etc., from permitting or allowing in or upon said premises any such liquors, and from selling or offering for sale therein any of such liquors; enjoining and prohibiting defendants perpetually from continuing or engaging in any business requiring the payment of a license under the provisions of article 6, c. 27, Pol. Code, as amended; and for costs.

It will be noticed that some of the provisions of such judgment are mandatory or affirmative in nature, while others are prohibitive or negative. The applicants contend that they have a right to give a bond on appeal, and that the effect of such bond will be, not only to stay the mandatory provisions of such judgment, but also to suspend the prohibitory provisions thereof. It must be conceded that, under the decisions of practically every court in our land, the prohibitive provisions of an injunctional judgment cannot be suspended by an appeal, at least without some order to that effect. State v. Superior Court, 39 Wash. 115, 80 Pac. 1108, 1 L. R. A. (N. S.) 554, 109 Am. St. Rep. 862; 4 Ann. Cas. 229, and authorities cited in notes 4 Ann. Cas. 231. In Lindsay v. Dist. Court, 75 Iowa, 509, 39 N. W. 817, a case on all fours with this one so far as the nature of the judgment is concerned, the court said:

"It will be observed that the validity or effect of the judg-

ment is in no manner affected by the appeal. It remains in full force, but process thereon is suspended until the appeal is determined. The judgment cannot be enforced by process, but a different rule prevails if the judgment is self-enforcing. Jayne v. Drorbaugh, 63 Iowa, 711, 17 N. W. 433. In the case at bar the nuisance cannot be abated until the appeal is determined. The effect of the supersedeas is to preserve the existing state of the matter, whatever it may be. It amounts to a suspension; and the relief obtained thereby is of a negative, and not of an affirmative, character. The injunction remains in full force, and the appeal and supersedeas do not affirm or give the party enjoined the right to violate it. If so, then, where a person is enjoined from committing waste on real estate, he may, pending an appeal, do irreparable injury to the estate; as when he is enjoined from removing heirlooms, or destroying them, which possibly have little or no money value. So, too, when one is enjoined from polluting a stream of water, thereby endangering the health of large numbers of people. In such cases the terms, conditions of, and liability on the supersedeas bond do not afford any adequate relief or indemnity, and certainly this is so in the case at bar."

[1] But the applicants contend that, owing to the peculiar wording of section 451, C. C. P., the rule is different in this state. Such section reads:

"If the judgment appealed from direct the abatement or restraint of the continuance of a nuisance, either public or private, the execution of the judgment shall not be stayed by the appeal unless an undertaking be entered into on the part of the appellant, by at least two sureties, in such sum as the court, or presiding judge thereof, shall direct, to the effect that the appellant will pay all damages which the opposite party may sustain by the continuance of such nuisance."

[2] We can find nothing in such section applying to prohibitive injunctions; in so far as a judgment may "direct the abatement or restraint of the continuance of a nuisance" it is affirmative or mandatory, and is not self-executing. But it has been suggested that this section should be construed exactly as section 12, c. 20, Laws 1887, would have been construed. Tracing the history of such former section, there is disclosed an unauthorized

change by the compilers of the 1887 Compiled Laws. See C. L. § 5225. It is suggested that it was the legislative intent that our present section should be construed exactly as that section would have been. We can see no merit in this contention. If there was any ambiguity in the present section, we might be justified in examining its predecessors to the end that we might determine the intention of those enacting such present section. But there is no ambiguity in the section at it now reads, and its construction cannot be controlled by the wording of such former sections.

With the prohibitive provisions of this injunction in full force, little, if any, damage can result from a stay of the other provisions thereof. The amount of the stay undertaking upon appeal is therefore fixed at the sum of $500, with sureties (or a surety company) to be approved by the judge of the trial court. The restraining order heretofore issued by this court is continued in force for a period of ten days to allow time for applicants to prepare, have approved, serve, and file such stay undertaking upon appeal.

GATES, J. (dissenting). Our statute upon appeals from the circuit court to the Supreme Court was taken from Wisconsin in 1887. So far as I have been able to ascertain, the only other states that have a section of statute corresponding with section 451, C. C. P., are Wisconsin and North Dakota. That section reads as follows:

"If the judgment appealed from direct the abatement, or restraint of the continuance of a nuisance, either public or private, the execution of the judgment shall not be stayed by the appeal unless an undertaking be entered into on the part of the appellant, by at least two sureties, in such sum as the court, or presiding judge thereof, shall direct, to the effect that the appellant will pay all damages which the opposite party may sustain by the continuance of such nuisance."

So far as the language of that section concerns the fixing of the amount of the undertaking, it is similar to sections 447, 449, 450, and 452, which sections, together with the one under consideration, correspond with sections 3054, 3056, 3057, 3058, and 3059, Wisconsin Statutes 1898, and with sections 7826, 7828, 7829, 7830, and 7831, North Dakota Comp. L. 1913. Under the

Wisconsin statute (section 3059) the Supreme Court of that state held in Northwestern Mutual Life Insurance Co. v. Park Hotel Co., 37 Wis. 125, that the stay was a matter of right, and that mandamus would lie to compel the trial court to fix the amount of an undertaking. In City of Janesville v. Janesville Water Co., 89 Wis. 159, 61 N. W. 770, the court said:

"Appeals from orders and judgments, in the cases allowed by law, are a matter of right; and within the limitation that the appeal is taken and prosecuted in good faith, and that the party asking it gives the reasonable security required for that purpose, a stay of proceedings during the pendency of an appeal is quite of course, and really a matter of right, without which an appeal allowed by law would often prove fruitless and the appellate jurisdiction of the court be found inadequate to the ends of justice and the proper protection of the rights of parties during the pendency of the appeal."

This language was criticized in Hill v. Gates Co., 112 Wis. 482, 88 N. W. 463, as being too sweeping, and the court therein held that it should be limited to facts similar to those before the court at the time it was uttered, and accordingly in the latter case it was held that under section 3060, Wisconsin Statutes 1898 (corresponding with our section 453, C. C. P.), the right to stay was discretionary.

In Harris v. Snyder, 113 Wis. 451, 89 N. W. 660, there was a question as to whether or not the amount of the undertaking had been fixed by the trial court. It was therein stated:

"It is enough to say that, if the court was satisfied that the amount was so fixed, as required by statute, and the notice of appeal and undertaking were served and filed before the execution was issued, then, under the authorities cited, the notice of appeal and undertaking operated as a supersedeas, without any further order by the court."

In Green v. Hebbard, 95 Cal. 39, 30 Pac. 202, and Gutierrez v. Hebbard, 104 Cal. 103, 37 Pac. 749, writs of mandamus were issued compelling the trial judge to fix the amount of stay undertakings on appeal under the provisions of section 945, C. C. P. Cal., similar to our section 449, C. C. P. In Windsor Pottery Works v. Superior Court, 13 Cal. App. 360, 109 Pac. 843, construing section 943, C. C. P. Cal., relating to an appeal from

a judgment or order appointing a receiver, in which the language used is similar to that in our section 451, C. C. P., the court said:

"It is the duty of the judge under the said section to fix the amount of the undertaking in order to stay the proceedings pending an appeal, and in case of his refusal the writ of mandate will lie to compel such action."

In State ex rel. Ger. Sav. Bk. v. Fawcett, 58 Neb. 371, 78 N. W. 636, under a statute similar in language to our section 449, C. C. P., it was held that a stay on appeal was a matter of right. In Dady v. O'Rourke, 65 App. Div. 465, 72 N. Y. Supp. 827, in construing a statute similar to our section 447, C. C. P., the court said:

"These conditions are to some extent dependent upon the exercise of judicial discretion. Thus the sum in which a written undertaking is to be given to stay the execution of a judgment directing the delivery of personal property or the recovery of a chattel is to be fixed by the court from which the appeal is taken, or by one of the judges of that tribunal. When this sum has been fixed, however, and the appellant gives a written undertaking in that amount, the proceedings are thereby stayed without any further judicial action; and we think that the appellant in such a case has the right, upon an application for that purpose, to have some amount fixed as the sum to be specified in the undertaking. We are of the opinion that the judge to whom such an application is made cannot prevent him from obtaining a stay by refusing to fix any amount at all."

But it is urged by the attorneys for the state (and this view is adopted in the majority opinion) that, while it might be within the rights of defendants to have a stay as to the enforcement of that part of the judgment commanding the removal of the liquors from the premises—i. e., affirmative acts of abatement—it is not within their right to have a stay as to the enforcement of the injunctional features of the judgment. The following cases are cited: Sixth Ave. R. Co. v. Gilbert, etc., R. Co., 71 N. Y. 430; State ex rel. Gibson v. Superior Court, 39 Wash. 115, 80 Pac. 1108, 1 L. R. A. (N. S.) 554, 109 Am. St. Rep. 862, 4 Ann. Cas. 229; Lindsay v. District Court, 75 Iowa, 509, 39 N. W. 817.

In a note on page 1253 of 29 Cyc. it is stated:

"*Supersedeas.*—In a suit for the abatement of a nuisance, an appeal to the Supreme Court will not, without further order, operate as a supersedeas, although a bond has been given under the Pennsylvania acts of March 7, 1845, and February 11, 1857, but the court may order the appeal to operate as a supersedeas on bond being given. Barker v. Hartman Steel Co., 23 Wkly. Notes Cas. (Pa.) 109."

Not having access to either the statutes or the opinion referred to, I am unable to determine the applicability of the note to the case in hand. The New York case is based on the language of the then section 1351, C. C. P., which read:

"But, except where it is otherwise specially prescribed by law, the appeal does not stay the execution of the judgment or order appealed from, unless the court in or from which the appeal is taken, or a judge thereof, makes an order directing such a stay."

The Washington decision discusses the distinction between mandatory and prohibitive injunctions, but the decision does not rest upon any provision of the Washington statute. The Iowa decision (quoted from in the majority opinion) was based on the then section 3186 of the Iowa Code, which is dissimilar in effect to our section 451, C. C. P. These decisions, in my opinion, have no application to a statute which expressly grants a stay not merely from that part of the judgment which abates a nuisance, but also from that part of the judgment which relates to a "restraint of the continuance of a nuisance." Section 451, C. C. P., first appeared, as has been pointed out in the majority opinion, as section 12 of chapter 20 of the Laws of 1887. It was there verbatim with section 3058, Wis. St., except that the word "of" was inserted after the verb "restrain." Manifestly the insertion of the word "of" was a clerical or typographical error. Under the section as it then was a judgment might have been twofold. It might have directed the abatement of a nuisance, an affirmative act, and it might have restrained the continuance of the nuisance, a prohibitive act. From either act, affirmative or prohibitive, or both, an appeal would lie, and it seems clear to me that under that section as it then was a stay of the enforcement of the judgment was a matter of right, and that the only discretion the trial court

had was in regard to the amount at which the stay understaking should be fixed.

Assuming that the Legislature of 1903 intended to adopt in the Revised Code of Civil Procedure the unauthorized act of the compilers of the Compiled Laws of 1887 in changing the verb "restrain" to the noun "restraint," what real difference is there between proper interpretation of the statute then and now? At present the judgment may direct the abatement of the nuisance, or it may direct the restraint of the continuance of the nuisance. Can there be any distinction in effect between a judgment which restrains the continuance of a nuisance and one which directs the restraint of its continuance? It seems to me there is merely a distinction without a difference. It is the old case of tweedledum and tweedledee. It must be conceded that a judgment which restrains the continuance of a nuisance is self-executing. Why is not a judgment that directs the restraint of the continuance of a nuisance also self-executing? If it is not, what steps are necessary to make it effective?

In the face of our statute I think we have no right to resort, for authority, to common-law decisions which recognize (and properly so) the distinction in matters of stay between mandatory and prohibitive injunctions. When the Legislature has spoken there is no ground for a judicial distinction contrary to the express words of the statute. I think it is the plain duty of this court to fix the amount of an undertaking whereby the whole effect of the judgment will be stayed upon appeal.

SMITH, J., concurs in the views of Justice GATES.