[L. A. No. 9691.  In Bank.—May 16, 1927.]

## MARTHA A. SMITH, Respondent, v. LLEWELLYN J. SMITH, Appellant.

[1] DIVORCE—APPEAL—ALIMONY AND COUNSEL FEES—STAY—APPEAL. Where an appeal is taken from an order granting temporary alimony, attorney's fees and costs upon an appeal from an order modifying a final decree of divorce providing for the support of the child of the parties, the defendant is entitled to a stay of execution of the order, pending the appeal therefrom, and *supersedeas* will issue to enforce such stay.

---

(1) 3 C. J., p. 866, n. 58, p. 1290, n. 66.

APPLICATION for a Writ of Supersedeas to stay the enforcement of an order granting temporary alimony, counsel fees, and costs pending an appeal therefrom. Writ granted.

The facts are stated in the opinion of the court.

W. W. Kaye and Ralph E. Wallace for Appellant.

Hewitt, Ford & Crump, J. F. Moroney and J. Thomas Russell for Respondent.

---

1. See 1 Cal. Jur. 952.

LANGDON, J.—This matter comes before us upon a petition for a writ of *supersedeas.*

Plaintiff was awarded a decree of divorce from the defendant in 1918, by the terms of which defendant was ordered to pay plaintiff $10 a week for the care and maintenance of herself and her minor child until said child reached the age of eighteen years. On August 4, 1926, the child reached the age of eighteen years. Within a few days plaintiff made a motion in the superior court to modify said final decree of divorce, which motion was granted and defendant was ordered to pay $150 a month to plaintiff. This order was modified later so as to require the payment by defendant of $100 a month for three years and then $50 a month for three years. From this order defendant has appealed and has stayed the execution thereof by filing an undertaking on appeal. Pending the appeal plaintiff moved for an order granting her $100 a month temporary alimony and $250 attorney's fees and $50 for the cost of printing incident to the defense of the maintenance order upon appeal. This motion was granted, and from this order defendant also appealed, filing an undertaking upon appeal to stay execution.

[1] The petition for the writ of *supersedeas* alleges that, notwithstanding the appeal from the order for temporary allowance to the wife and the undertaking on file staying its execution, the trial court is attempting to enforce such order by contempt proceedings. In opposition to the petition for the writ respondent urges that defendant is not entitled to a stay of execution upon the second order of the trial court while he is prosecuting his appeal from the first order, because to permit execution to be stayed upon the second order would leave plaintiff without means to defend the first appeal. This argument has been considered by this court in similar controversies, as will appear from the decisions of the cases herein cited. The defendant's right to stay execution of an order such as we are considering here, pending the determination of the appeal involving the main issue, has been settled in this state since the elaborate consideration given to the subject in the case of *Sharon* v. *Sharon,* 67 Cal. 199 [7 Pac. 456, 635, 8 Pac. 709]. *McAnemy* v. *Superior Court,* 150 Cal. 6

[87 Pac. 1020], is to the same effect, as are the text and authorities noted in 1 Cal. Jur. 952, section 8.

It is ordered that the superior court of the state of California, in and for the county of Los Angeles, desist and refrain from enforcing or attempting to enforce the order of said court made on the eighth day of November, 1926, requiring the defendant to pay to the plaintiff the sum of $50 per month for the care and maintenance of plaintiff and $50 per month for the care, maintenance, and support of the minor child of plaintiff and defendant, as temporary alimony, and also requiring the said defendant to pay to the plaintiff the sum of $250 for attorney's fees and $50 for costs on appeal, and that all proceedings of the said superior court on said order be and the same are hereby stayed until the further order of this court.

Richards, J., Preston, J., Curtis, J., Waste, C. J., and Seawell, J., concurred.