[Civ. No. 3469. Third Appellate District.—May 14, 1928.]

ELAINE T. SMITH, Respondent, v. SIDNEY V. SMITH, Jr., Appellant.

Catherine A. McKenna and J. Irving McKenna for Appellant.

James W. Bell for Respondent.

PLUMMER, J.—This cause is before us upon the defendant's application for a writ of *supersedeas,* and also for an order directing the superior court of the county of Yuba to release the defendant from the custody of the sheriff of said county.

On the twenty-first day of October, 1927, the superior court of said county entered its order, and on the twenty-fourth day of October, 1927, entered a final decree of divorce in the above-entitled cause, by the terms of which order, and also by the terms of said final decree, the above-named

defendant was required to pay to the plaintiff the sum of $175 per month as permanent alimony commencing on the first day of July, 1927, and continuing thereafter until the further order of said court, and also awarding the plaintiff the sum of $200 as and for counsel fees in said action. On the third day of November, 1927, an appeal was regularly taken by the above-named defendant from the order and final decree just referred to herein. The defendant not having paid the monthly alimony specified in the final decree of divorce entered in said cause, proceedings were taken and had for the purpose of punishing the defendant for contempt for failure to comply with said order and final decree, and on the fourteenth day of November, 1927, the trial court entered an order adjudging the defendant guilty of contempt in not having paid the alimony as required by the final decree entered in said cause and directing that unless the defendant paid to the plaintiff the sum of $1,075 within five days thereafter, that appellant should be committed to the sheriff of the county of Yuba until he should comply with said order. Thereafter, proceedings were taken and had in this court for a review of the order of the trial court adjudging the defendant guilty of contempt, and the order of the court so doing was affirmed by this court and the *remittitur* from this court was filed with the clerk of the superior court of Yuba County on the twenty-third day of April, 1928. Thereupon and on said twenty-third day of April, 1928, the superior court of the county of Yuba made and entered its order directing that the defendant be committed for contempt of said court as hereinbefore referred to. That thereafter, and on the same day, to wit, April 23, 1928, the defendant presented to said superior court a good and sufficient undertaking for a stay of judgment in the above-entitled cause, in the sum of $15,100, conditioned in all particulars as required by section 942 of the Code of Civil Procedure. This undertaking is in double the amount of the sum already accrued and which will accrue during a period of three years from and after the filing of the notice of appeal herein on November 3, 1927. Upon the presentation of said bond and undertaking to the judge of the superior court of the county of Yuba for approval, approval thereof by said judge was refused, on the ground that an order of arrest of said defendant had previously

been issued. The bond and undertaking so tendered by the defendant was then filed with the clerk of said court. Upon the facts which we have briefly summarized, the defendant petitions this court for a writ of *supersedeas* and an order directing his discharge, as herein stated.

As a writ of *supersedeas* can only be issued to stay further action of the court, and acts only in staying the hand of the court, and not in undoing anything which has previously been done by the court, we have really only one question to decide in the matter now before us, and that is whether the bond and undertaking as given by the defendant acts as a *supersedeas* in this cause. In the recent case of *Smith* v. *Smith,* 201 Cal. 217 [256 Pac. 419], an undertaking covering the costs and the amount of alimony allowed that would accrue during a period of three years from the date the appeal was filed in the superior court and the writ of *supersedeas* prayed for based upon such facts, the court there said: ''The defendant's right to stay of execution of an order such as we are considering here, pending determination of the appeal involving the main issue, has been settled in this state since the elaborate consideration given to the subject in the case of *Sharon* v. *Sharon,* 67 Cal. 199 [7. Pac. 456–635, 8 Pac. 709], and *McAneny* v. *Superior Court,* 150 Cal. 6 [87 Pac. 1020], is to the same effect, as are the text and authorities noted in 1 Cal. Jur. 952, section 8.'' Under these decisions it must be held upon this application that the bond tendered by the defendant and filed with the clerk of said court is sufficient to stay further proceedings in relation to the judgment herein referred to pending the appeal taken therefrom. Section 942 of the Code of Civil Procedure does not require that an undertaking given to stay execution must be approved by the judge of the superior court from whose judgment the appeal is taken. Section 948 of the Code of Civil Procedure provides the procedure for testing the sufficiency of the sureties on such an undertaking. It does not appear that any such proceeding has been taken in this cause, and upon oral argument it was admitted that the undertaking herein is sufficient if the approval of a judge of the trial court is not required. We therefore hold that the undertaking filed in this cause operates as a stay of all proceedings upon the judgment appealed from until its final determination. However, as appears by the text,

abundantly supported by authorities, in 2 Cal. Jur. 469, section 221, the stay of proceedings pending an appeal has no retrospective operation, and does not undo or render unlawful any action that has already been taken by the trial court before the *supersedeas* becomes effective. The action of the trial court adjudging the defendant guilty of contempt, and also the issuance of a commitment thereon preceded the filing of the undertaking herein, and as this court, upon an application for a writ of *supersedeas,* can only take into consideration orders of the court made after the filing of the bond which effects a stay of proceedings, no order can be made as prayed for requiring the trial court to direct the discharge of the defendant. Whether the filing of the undertaking, as herein referred to, works an abatement of the order committing the defendant under the principle enunciated in the case of *Ex parte Overend,* 122 Cal. 201 [54 Pac. 740], can only be decided when this court comes to consider the defendant's petition for a writ of *habeas corpus* which is now pending.

In view of what we have stated, we simply hold that the defendant herein has given and filed a good and sufficient undertaking staying all proceedings in the case of *Smith* v. *Smith,* appealed from as herein referred to, and the order will be that the trial court desist from all further proceedings in relation to said judgment, until the final determination thereof upon said appeal, and until the further order of this court.

Hart, J., and Finch, P. J., concurred.