[Civ. No. 6184. Second Appellate District, Division Two.—October 30, 1928.]

RAYMOND WALTER SPARLING, Petitioner, v. MARGUERITE SPARLING, Respondent.

Maurice C. Sparling and Courtney A. Teel for Petitioner.

W. I. Gilbert for Respondent.

CRAIG, J.—An interlocutory decree of divorce was granted in favor of the respondent, directing that the petitioner pay forthwith a specified amount of money, alimony each month thereafter, and attorney's fees, from which decree the petitioner appealed on December 22, 1927, and filed an undertaking in the sum of $8,800, as fixed by the trial court, to stay execution. On February 8, 1928, pursuant to an order to show cause why the petitioner should not pay the alimony formerly ordered, or be held in contempt of court, and also $200 per month pending appeal, and attorneys' fees for services in connection with said motion, an order was entered directing that he pay these latter moneys. From this order petitioner also appealed and filed an undertaking in the sum of $5,000 to stay execution thereof. Thereafter, and on April 18, 1928, pursuant to a similar order to show cause, a hearing was held, and on July 20, 1928, a like order was made requiring payment of $200 per month to respondent, commencing as of April 3, 1928, and attorney's fees for services rendered in connection with the motion last mentioned. Petitioner appealed from that order, filing an undertaking in the sum of $5,000 to stay its execution. On August 13, 1928, petitioner was again ordered to show cause why he should not be punished for contempt of court for failure to comply with the prior orders, and why he should not pay the respondent $200 per month pending appeal, and fees of her attorney for services rendered in connection with this third order to show cause.

The petitioner herein, defendant below, prays a writ of *supersedeas* restraining enforcement of the decree and orders appealed from, asserting that said appeals and undertakings deprived the superior court of jurisdiction to require payment of either of said amounts, or to punish him for failure to comply with the mandates from which he appealed. Respondent avers that she is without income, and has not sufficient funds with which to maintain herself in the station of life to which she has been accustomed, or to pay her counsel and defend her action upon appeal. It is also alleged that the defendant, petitioner herein, is in possession and control of the community property,

which he threatens to sequester and waste, and that the undertakings upon appeal are insufficient to protect her interests therein.

The question here presented was decided by the supreme court in the recent case of *Smith* v. *Smith*, 201 Cal. 217 [256 Pac. 419], wherein it was said:

"The defendant's right to stay execution of an order such as we are considering here, pending the determination of the appeal involving the main issue, has been settled in this state since the elaborate consideration given to the subject in the case of *Sharon* v. *Sharon*, 67 Cal. 199 [7 Pac. 456, 635, 8 Pac. 709]."

The facts there presented were identical with those of the instant case, except that but one order subsequent to the decree was under consideration. ▮ The only remaining point argued by respondent in opposition to the issuance of a writ herein is that of the sufficiency of petitioner's various undertakings in the respective appeals. Such questions are determined by the trial court upon a direct issue in which the right to a stay of proceedings is involved (*Gutierrez* v. *Hebbard*, 104 Cal. 103 [37 Pac. 749]), and appellate courts will not review the conclusion of the lower tribunal in this particular. (*Jameson* v. *Chanslor-Canfield Midway Oil Co.*, 173 Cal. 612 [160 Pac. 1066].)

It is ordered that the superior court of the state of California, in and for the county of Los Angeles, desist and refrain from enforcing or attempting to enforce the said decree or either of said orders of February 8, 1928, July 20, 1928, or August 13, 1928, or any of the terms or provisions of either of them, and that all proceedings of the said superior court on said decree and upon each of said orders be and the same hereby are stayed until the further order of this court.

Works, P. J., and Thompson, J., concurred.