[Civ. No. 6211. Second Appellate District, Division One.—June 28, 1929.]

MARTHA A. SMITH, Respondent, v. LEWELLEYN J. SMITH, Appellant.

R. E. Wallace and W. W. Kaye for Appellant.

Hewitt, Ford & Crump, J. F. Moroney and J. Thomas Russell for Respondent.

YORK, J.—This record discloses that there are two orders from which appeals are taken. (See opinion on application for *supersedeas*, 201 Cal. 217 [256 Pac. 419].)

The first order appealed from was an order modifying a prior order by which modification defendant was required to pay plaintiff $100 per month for three years and $50 per month for an additional three years. Pending the appeal, the plaintiff moved the trial court for an order granting her $100 per month temporary alimony and $250 attorneys' fees and $50 costs incident to the defense of the first appeal. Upon this motion being granted, defendant again appealed.

It is argued by appellant that no necessity was shown for

the making of either order, and that in the absence of direct evidence as to the exact amount that was necessary for the support of plaintiff and the education of her son, both of the orders of the trial court should be reversed by this court.

The record does disclose sufficient evidence to justify the court in making both of the orders complained of. As to the ability of defendant, he actually was before the court and regardless of his property, the court found from testimony given that he was able to earn the amounts ordered paid.

▪ Upon the evidence shown by the record, it does not appear that the trial court abused its discretion in making the order, requiring the defendant to pay plaintiff the amount fixed by the first order appealed from, or that the trial court erred or abused its discretion in not granting defendant's motion to vacate such order.

The second order complained of requiring defendant to pay a certain allowance for support pending the appeal, and attorneys' fees and costs incident to the appeal, was made without the introduction of additional evidence of any change of circumstances, other than the appeal itself would imply. But this is of no importance, since we are affirming the previous allowance for support, and as to that allowance the second order is not cumulative. ▪ The allowance for attorneys' fees and expenses on the appeal is clearly reasonable and not excessive.

Affirmance of both of the orders of the trial court will, of course, result in defendant having to pay all of the attorneys' fees and costs in both orders, but will not have the effect of compelling him to pay both items of $100 per month specified in the orders for the support and maintenance of the plaintiff and Elden L. Smith, the minor child of plaintiff and defendant. This part of the second order being only a duplication of the first order in this particular, the payments of $100 per month as such support money on either order will satisfy that item in the other order.

Both orders appealed from are, therefore, affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 18, 1929, and a petition by

appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1929.

All the Justices concurred.