STATE OF NEBRASKA, EX REL. GERMAN SAVINGS BANK, v. JACOB FAWCETT, JUDGE.

| 58 | 371 |
| s59 | 293 |

| 58 | 371 |
| 60 | 101 |
| 60 | 394 |

FILED MARCH 22, 1899.    No. 10604.

1. **Mandamus**: ALLOWANCE OF SUPERSEDEAS.  Mandamus will not lie to control the discretion of a judge, as by requiring him to allow a supersedeas in a case where such allowance rests in his discretion.

2. ———: AMOUNT OF SUPERSEDEAS.  Mandamus will, however, lie to compel a judge to fix the amount of a supersedeas bond where the statute gives an absolute right to a supersedeas.

3. **Order on Receiver to Sell Realty**: OBJECTION BY BANK.  A banking corporation, a defendant in an action having for its object the impounding of its assets, their conversion into money, and their application to the payment of its creditors, may be heard to resist an application for an order on a receiver to sell its real estate.

4. ———: ———.  Such an order is appealable.

5. ———: ———: ESTOPPEL.  The bank is not estopped from resisting

such order or appealing therefrom by having consented to the appointment of a receiver in the first instance, when the order consented to did not fix the terms or conditions or time of the sale. These are matters on which the bank has a right to be heard.

6. ——: ——: SUPERSEDEAS. An order directing the receiver to sell the real estate of the bank is an order directing the sale of real estate, and is supersedable as of right under the third subdivision of section 677, Code of Civil Procedure.

ORIGINAL application for mandamus to require respondent to fix the amount of a supersedeas bond. *Writ allowed.*

*Joel W. West,* for relator.

*Ralph W. Breckenridge, contra.*

IRVINE, C.

This is an original application for a writ of mandamus to require the respondent, one of the district judges of the fourth district, to fix the amount of a bond to effect a supersedeas of an order made in a proceeding before him. The essential facts stand admitted of record. In 1896 the German Savings Bank, a corporation, was engaged in the banking business in Omaha under the state laws. In pursuance of the provisions of the banking act (Compiled Statutes, ch. 8) an application was made for the appointment of a receiver to wind up the affairs of the bank, it being charged that the bank was insolvent and was conducting its business in an unsafe manner. A receiver was appointed, and he took possession of the assets and has ever since been engaged in administering his trust. In January, 1899, the district court, the respondent presiding as judge, made, on the application of numerous depositors, an order directing the receiver, at a time fixed in the order and after advertising as therein specified, to sell all the assets of the bank remaining in his possession, including a large amount of real estate. The corporation took an exception to this order, and seasonably

asked the respondent to fix the amount of a supersedeas bond, so far as the order concerned real estate, under the third subdivision of section 677, Code of Civil Procedure. The respondent, believing the order was not, as a matter of right, supersedable, refused, and this suit is brought to coerce such action.

The case may be quickly narrowed in its scope, and much of the argument laid aside, by the simple statement that unless the order be one within the provisions of the third subdivision of the section cited, then there is no provision giving the relator the absolute right to a supersedeas. Unless that provision applies, the order could be superseded only in the discretion of the court. Such discretion cannot be controlled by mandamus, and, under the facts disclosed by this record, we certainly would not, even if we could in such an action, interfere with the action taken by the district judge. If, on the other hand, the order does fall within that provision, then the legislature has given an absolute right to a supersedeas on complying therewith, and we must award the writ. While it is true, as argued, that the allowance of a writ of mandamus is discretionary, still no court would be justified in refusing its aid when to deny it would deprive a party of an absolute substantial right guarantied by statute.

The section cited, so far as it may be applicable, is as follows: "No appeal in any case in equity, now pending and undetermined, or which shall hereafter be brought, shall operate as a supersedeas, unless the appellant, or appellants, shall, within twenty days next after the rendition of such judgment, or decree, or the making of such final order, execute to the adverse party a bond with one or more sureties, as follows: * * * Third— When the judgment, decree, or order directs the sale or delivery of possession of real estate, the bond shall be in such sum as the court, or judge thereof in vacation, shall prescribe, conditioned that the appellant, or appellants, will prosecute such appeal without delay, and will

not during the pendency of such appeal commit, or suffer to be committed, any waste upon such real estate."

As the order sought to be superseded expressly directs the receiver to sell real estate, it seems to fall *prima facie* within the section, and it is appropriate to look first to the arguments on behalf of the respondent to see whether any reason is given why it is not applicable.

It is contended that the order is not appealable. If not, then of course it is not supersedable. Section 275 of the Code of Civil Procedure makes appealable all orders "appointing receivers, giving them further directions, and disposing of the property." This is clearly an order giving further directions, and disposing, or ordering the disposition, of the property. But it is said that the banking act contains special provisions concerning such matters; that the ordinary procedure is not applicable. Indeed, the argument is that the banking act provides a summary method of winding up an insolvent bank, and if any order be appealable, it is only that appointing the receiver in the first instance; that thereafter the functions of receiver and court are administrative and their acts not subject to review. It is said that this is the clear policy of the act. If so the act is clearly unconstitutional, and we are by no means disposed to so hold. Sections 34 and 35 of the banking act provide that the attorney general shall apply for a receiver whenever it shall appear to the banking board, "from any examination or report," that certain facts exist. Provisions are then made for the liquidation of debts, conversion of assets, and complete winding up of the affairs of the bank. It would be monstrous to say that an inspection of a report, or a consideration of the result of an examiner's work, by an administrative board, should lead to a summary taking and disposition of property, without any hearing other than that on the application for a receiver. If the proceeding be judicial, it implies a right to be heard according to the usual procedure; if it be not judicial, then there is no due process of law, and the

powers could not, under the constitution, be conferred on a court. But an entirely similar argument was made in *State v. German Savings Bank*, 50 Neb. 734, which was an appeal from an order with reference to this same bank, and directing proceedings against the stockhold ers. That a case under the banking act is an adversary, judicial, and not an administrative proceeding was there distinctly held, as it was also held that an order directing the receiver falls within the general provisions of the Code and is appealable. That case is here in point.

It is also urged that the corporation consented to the order appointing the receiver, and cannot now be heard to resist this order, which is in effect one only to carry out the former. In *State v. German Savings Bank, supra,* it was held that the corporation remained a party to the suit, and might be heard on applications for further directions. It was, as a matter of safety, suggested that perhaps the corporation, by consent to such appointing order, might estop itself from resisting a subsequent order "clearly for the purpose merely of carrying out the order to which it did consent." If this order were solely for the purpose of carrying out the first, and if it involved no new features on which the relator had a right to be heard, then the exception there suggested would apply. But the order appointing the receiver did not direct him to sell the real estate. On the contrary, it contained this provision: "That such sale or sales of real estate, if any there be, among the assets of said defendant bank, be solely upon such terms and at such times as shall hereafter be ordered." The necessity or propriety of such a sale, the expediency and justice of the time and of the terms, are certainly matters on which the bank should have a hearing. The further order would not be merely to carry out the first, but would extend to matters not involved in any way in the consent given to the first order. It is argued, however, that section 35 of the banking act in itself confers the power of sale on the receiver, and that the direction of a sale of the real estate flows by

law from the appointment of a receiver. If the statute requires a sale of the real estate, regardless of what may appear in the proceedings after the appointment of a receiver, and makes that order for a provisional remedy conclude all rights, it is assuredly a piece of legislation foreign to the genius of a race which has for centuries insisted that property should be protected and not sequestered save by orderly judicial procedure. The section provides generally what the receiver of a bank shall do. Among other things, "sell all real and personal property belonging to the bank on such terms and conditions as the court or judge shall direct." The first order, unless indeed it provides terms and conditions of the sale, does not then authorize it. It is left to the court or judge, as a judicial act, to determine when and in what manner the assets shall be sold. The act, instead of being the arbitrary measure asserted, carefully guards the rights of those interested, by insuring action by the court or judge, and, of course, in the exercise of judicial functions, preliminary to a disposition of such assets. The phrase "terms and conditions" is perhaps ambiguous. If it means the time, the manner of advertising, and the manner of making the sale, then this order provided explicitly for all, and these were matters left for further directions, and therefore grounded an order based on adversary proceedings and appealable. If the phrase merely means the terms to the purchasers, then again this order provided a sale for cash, by deposit of a certain percentage with the bid and payment of the remainder on confirmation, and so included matter not within the order to which the relator had consented.

We are convinced that the order is not only appealable, but that it falls within the express terms of section 677, *supra*, and may be superseded as a matter of right. It was held in *Home Fire Ins. Co. v. Dutcher*, 48 Neb. 755, that an order appointing a receiver, while appealable, cannot be superseded as a matter of right. To this we adhere; but the inference is against the respondent.

That holding was based on the proposition that an order directing the delivery of possession of real estate to a receiver is not within the supersedeas statute, because the receivership is provisional; the receiver's possession is that of the parties through the court, and the order is in no sense final, and divests no rights. If so, then it follows that the order directing the receiver to finally dispose of the property is final so far as the property is concerned, and is an order which divests rights and falls within the statute. It has never been doubted that a decree of foreclosure of a mortgage falls within the clause of section 677 we have quoted. It directs a sale of the land to pay the mortgagor's debt, and so directs a divesting·of his title. This case is analogous. Equity has here seized the property of the bank and directed its sale to satisfy the debts of the bank. The analogy is so close as to amount to identity rather than analogy. Nor is there any force in the argument that in this proceeding the receivership was the ultimate purpose of the suit, and the order appointing the receiver was, therefore, the final order divesting rights, and supersedable, if any order be. This argument is advanced to avoid the inference drawn from the *Dutcher Case.* The receivership was not the main purpose of the proceeding. Its main purpose was to impound the assets and apply them to the payment of debts, the receivership was only a means to that end, as it is in a foreclosure case where a receiver is appointed.

Let us suppose that the statute, instead of providing for a receivership, authorized direct actions by creditors and subjected the property to a lien in their favor. In a suit to foreclose such lien there can be no doubt that the order directing the sale would fall within section 677 and be supersedable as of right. The situation is not changed, nor the statute evaded, by resorting to the device of a receiver and so making two orders to accomplish the same purpose—one giving the receiver possession, the other directing him to make the sale.

It is said that the provisions of section 677 are wholly inadequate to such a case and that it therefore cannot apply. In *Penn Mutual Life Ins. Co. v. Creighton Theatre Building Co.*, 51 Neb. 659, it was said that the provision here invoked "evidently contemplates an appeal by the party in possession, the former owner whose title or right of possession will be divested by the order of sale or delivery of possession." That language was used with reference to an attempted supersedeas by a bidder at the sale who was unsuccessful in procuring confirmation in himself. It was held that the provision did not apply to his case. In the present case the appellant is the party whose title will be divested, and the receiver's possession is on its behalf as well as that of others. It is true that the statutory condition of the bond required is inadequate; but that is true in every case in which the statute is invoked. Nevertheless, this curious provision whereby one may supersede an order of sale or of confirmation, or any similar order, by merely giving a bond not to commit or suffer waste, and without in any other way protecting the creditor or purchaser, has been for many years the law of this state and must be enforced. According to tradition, it exists because of a draftsman's blunder in omitting other conditions in copying a statute which it was desired to follow. However that may be, the legislature enacted it in its present form, and repeated attempts to secure its amendment have proved futile. It seems to represent the desire and conscience of the state, and while the writer would not be disposed to extend it by construction, it is quite clear that by its terms it meets this case. The writer realizes fully the mischief which may result from appeals of this character accompanied by a supersedeas. The wisdom of permitting the appeal and of allowing a supersedeas are to his mind both more than doubtful; but the conclusion is unavoidable that the law permits both.

WRIT ALLOWED.