Statement.

# Richmond

## DENNIS v. JUSTUS AND OTHERS

### AND

## W. M. RITTER LUMBER COMPANY v. JUSTUS AND OTHERS.

November 20, 1913.

Absent, Buchanan and Whittle, JJ.

1. EQUITY PLEADING—*Bills—Multifariousness—Dismissal Without Objection.*—It is the duty of the court, of its own motion, to dismiss a bill that is multifarious, although not objected to on that ground by the parties defendant; hence it is immaterial that only one of two defendants demurs on that account.

2. EQUITY PLEADING—*Bills—Multifariousness—What Constitutes.*—A bill is multifarious when there is improperly joined in one bill distinct and independent matters, thereby confounding them; as, for example, the uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill. In the latter case the proceeding would be oppressive, because it would tend to load each defendant with an unnecessary burden of costs by swelling the pleadings with the statement of the several claims of the other defendants with which he has no connection.

Appeal from a decree of the Circuit Court of Buchanan county. Decree for the complainants. Defendants appeal.

*Reversed.*

The opinion states the case.

*S. M. B. Coulling, M. O. Litz* and *J. W. Flanagan, Jr.,* for the appellants.

*Chase & Daugherty* and *A. A. Skeen,* for the appellees.

KEITH, P., delivered the opinion of the court.

For the purposes of this case the averments of the bill
may be stated as follows:   That Daniel Blankenship was
the owner of a tract of sixty acres of land, in the county of
Buchanan, which he conveyed by deed to one of the prede-
cessors in title of J. L. Justus; that by intermediate con-
veyances from divers grantors the title to this land was
vested in J. L. Justus, the father of complainant, who by
his deed conveyed it to Melvin Justus and his brother,
Ephraim Justus; and that by proceedings in a chancery
suit this land was sold and conveyed to John C. McCoy by
J. H. Stinson, a special commissioner, and by McCoy's
deed title untimately vested in the complainant, Melvin
Justus, whose deed went to record prior to the first of
January, 1901; that the land was improperly assessed for
taxation against J. L. Justus, father of complainant, for
the year 1901; and that by proceedings which need not be
specifically stated, it was sold for taxes alleged to be due
by J. L. Justus; the Ritter Lumber Company became the
purchaser, and a deed was made to it by Joseph Hibbits,
the clerk.

Without going into details, we will content ourselves
with the statement that the averments of the bill make out
a case for relief against the Ritter Lumber Company, and
that if those averments were established by proof the deed
from the clerk should be set aside as improperly consti-
tuting a cloud upon complainant's land.

The bill goes on then to state that W. L. Dennis, on the
18th of September, 1908, filed an *ex parte* petition before
R. E. Williams, commissioner, acting under sections 3340
and 3341 of the Code, to set up title in himself to the sixty
acres of land derived by complainant, as aforesaid, from
Daniel Blankenship; that W. L. Dennis claims title under
a deed of trust from Daniel Blankenship to J. H. Stinson,

33

trustee, dated February 27, 1894, and recorded the following day, a deed from J. H. Stinson, trustee, to J. F. Barnes, and by deed from J. F. Barnes and her husband W. L. Dennis, dated June 23, 1903. The bill alleges that none of these deeds included or intended to include the sixty acre tract of land owned by him, and if the averments of the bill be true a case for relief is made by the plaintiff against W. L. Dennis.

The prayer of the bill is that the Ritter Lumber Company, W. L. Dennis, J. L. Justus and Ephraim Justus be made parties defendant; that a decree may be entered vacating and declaring void the deed from Joseph Hibbits, clerk, to the Ritter Lumber Company, for the reasons hereinbefore set out; and that an order may be entered restraining the said W. L. Dennis from proceeding any further with his petition before Commissioner Williams.

We have, then, a bill which sets out the plaintiff's title to a sixty acre tract of land, which he seeks to protect from the claims of the Ritter Lumber Company under a tax deed, and from W. L. Dennis, who is proceeding to establish title in himself to this tract of land by proceedings before a commissioner by virtue of the statute hereinbefore referred to.

The bill was demurred to as being multifarious; the demurrer was overruled; the defendants answered; depositions were taken and proofs filed; and the court by the decree which is appealed from granted the relief sought, vacated the deed from Joseph Hibbits, clerk, and restrained Dennis from proceeding any further with his petition before Commissioner Williams.

The first error assigned is that the demurrer to the bill was overruled, and the appellee contends that the charge of multifariousness was not set forth with sufficient clearness as a ground of demurrer by the Ritter Lumber Company, and was not relied upon by W. L. Dennis, in the

circuit court, Dennis and the Ritter Lumber Company
being the only appellants.

This contention need not be passed upon, as the charge of
multifariousness made by the Ritter Lumber Company is
sufficient in form, and if well founded, is fatal, whether
united in by its co-appellant or not, for as we shall see,
the authorities hold that it is the duty of the court, of its
own motion, to dismiss a multifarious bill, although not
objected to on that ground by the parties defendant.

We have gone very far in sustaining bills where this
charge has been made, but in the present case we are con-
strained to the conclusion that we must either hold the
bill to be multifarious, or declare that this ground of de-
murrer can no longer be availed of in this jurisdiction.

In *Seefried* v. *Clarke,* 113 Va. 365, 74 S. E. 204, the
most recent expression of opinion by this court upon this
subject, it was held, that in a bill for partition "the courts
may set aside a deed to one of the parties of a part of the
land to be divided, either because the grantor had no power
to make the deed, or because of his mental incapacity; and
that the fact that both grounds for setting aside the deed
are alleged in the bill for partition does not render the bill
multifarious. Such a bill attains the desired end in a way
convenient to all concerned, and does no serious injury to
any one of them." A number of cases decided by this
court are there considered, and the question of convenience
was carried as far as we deem it proper to extend it.

In *Dunn* v. *Dunn,* 26 Gratt. (67 Va.) 295, section 271 of
Story's Eq. Pleading is quoted and approved as follows:
"A bill should not be what is technically termed multi-
farious; for if it is so, it is demurrable, and may be dis-
missed by the court of its own accord, even if not ob-
jected to by the defendant. By multifariousness in a bill is
meant, the improperly joining in one bill distinct and in-
dependent matters, and thereby confounding them; as, for

example, the uniting in one bill of several matters perfectly distinct and unconnected againt one defendant, or the demand of several matters of a distinct and independent nature against several defendants, in the same bill. In the latter case, the proceeding would be oppressive, because it would tend to load each defendant with an unnecessary burden of costs, by swelling the pleadings with the stat ment of the several claims of the other defendants, with which he has no connection."

This statement of the law is peculiarly apposite in the case under consideration, for the very evil which the quotation points out is well illustrated by the magnitude of the record before us. The claims of the Ritter Lumber Company and of W. L. Dennis are wholly separate and distinct. They have no sort of connection the one with the other. The case against each is sufficiently stated in the bill to entitle the plaintiff to relief if established by proof.

In *Washington City Savings Bank* v. *Thornton,* 83 Va. 157, 2 S. E. 193, it is said to be impossible to lay down any rule applicable to all cases, as to what constitutes multifariousness. "It is well settled, however, that a bill is demurrable in which are united several distinct rights, each sufficient, as stated, to sustain a bill against one defendant, or in which there is a demand of several matters, distinct in their nature, against several defendants, who are unconnected in interest and liability."

The decisions of this court bearing upon the subject are fully collated in *Seefried* v. *Clarke, supra,* and no further citation of authority is deemed necessary.

The decree of the circuit court must, for the reasons stated, be reversed; and this court will render such decree as the circuit court should have entered.

*Reversed.*