# Wytheville

## HENRY A. TABET v. DAVID H. GOODMAN AND OTHERS.

### June 14. 1923.

1. MORTGAGES AND DEEDS OF TRUST—*Compliance with Trust Deed—Advertisement—Notice of Terms—Case at Bar.*—A deed of trust authorized the trustees to sell "upon such terms and conditions as they may deem expedient," but required them to "first" give notice "of such * * * terms" by the advertisement. The advertisement of sale was—"Terms: Cash or credit, announced at sale."

   *Held:* That the advertisement was not a substantial compliance with the provisions of the trust deed, and that the sale therefore was void.

2. MORTGAGES AND DEEDS OF TRUST—*Advertisement of Sale—Terms—Case at Bar.*—An advertisement of a sale under a trust deed specified, "Terms: Cash or credit, announced at sale." When analyzed, the language of the advertisement plainly conveyed no other meaning, which the public could rely and act upon in attending or not attending the sale, than that they would not know the terms of the sale until the day of sale, when the announcement at the sale would determine whether the terms of sale would be cash, or part cash and part credit, and, if the latter, what part cash and what part credit, and the time given on the deferred payments, if any. This, in effect, left the terms of sale wholly undetermined and unadvertised prior to the day of sale.

3. MORTGAGES AND DEEDS OF TRUST—*Sale—Compliance with Terms of Deed—Case at Bar.*—A trustee in a deed of trust must conform to the terms of the deed in respect to the time and manner of giving notice of sale, and in equity any material departure from the provisions of the deed will vitiate the sale. But if the trustee's conduct has been fair and honest, although it may have been irregular, a court of equity will interpose reluctantly, especially after the lapse of a considerable time. In the case at bar, however, the conduct of the trustees was not merely "irregular." They wholly failed to advertise any terms of sale, which was a material departure from the requirements of the deed.

4. MORTGAGES AND DEEDS OF TRUST—*Sale—Compliance with Conditions of Deed—Notice.*—Where the instrument creating the trust has given directions concerning the mode of sale, they must be substantially pursued. Any direction regarding the notice of sale is material, and the trustee is not at liberty to disobey it.

Appeal from a decree of the Law and Chancery Court of the city of Norfolk.   Decree for defendants.   Complainant appeals.

*Reversed and remanded for final decree.*

This is a suit in equity instituted by the appellant (hereinafter called plaintiff), against the appellees, David H. Goodman, the purchaser, W. B. Baldwin and R. F. Baldwin, the trustees named in a certain deed of trust, and others, assailing the sale of certain real estate made by the trustees to the said·purchaser under said deed of trust, upon an advertisement alleged to have been a material departure from the provisions of the trust deed prescribing what should be the advertisement with respect to the terms of sale.

The case was heard upon the bill, the demurrers of the purchaser and trustees and the joinder of the plaintiff therein.   Whereupon the decree under review was entered dismissing the bill at the costs of the plaintiff.

The bill was promptly filed following the sale complained of, and is as follows:

"To the Honorable Richard McIlwaine, Jr., judge of said court:

"Plaintiff, Henry A. Tabet, complaining, shows unto your honor the following case, to-wit:

"That plaintiff is the owner of certain real property situated in the city of Norfolk, Virginia, fully described in the exhibit "A" filed as part of this bill.

"That sometime prior to the date upon which plaintiff acquired title to the said property a former owner, the wife of plaintiff, Susie H. Tabet, put a deed of trust upon said property dated April 13, 1916, and duly recorded, to W. B. Baldwin and R. F. Baldwin, trustees, securing the Definite Contract Building and Loan Asso-

ciation, a copy of which deed of trust is hereto attached marked exhibit "A," as part of this bill, and that said property remains subject to a balance owing under said deed of trust.

"That plaintiff was promptly paying off said deed of trust in installments on the building association plan pursuant to said deed of trust, until plaintiff went to Syria on business of importance. That while plaintiff was in Syria, installments became slightly past due under said deed of trust, in the year 1921, and plaintiff promptly mailed a good draft or check to said Building and Loan Association in payment of said delinquency, which draft had to travel by mail from Syria to Norfolk, Virginia. While this check was in the mail the mail bag containing it fell overboard from the vessel and said check was so damaged that the mail authorities returned it to plaintiff, causing considerable delay. Upon the return of said check to plaintiff, plaintiff mailed a new check in place of the old one, which new check was received by said building and loan association, as shown by the letter hereto attached, marked Exhibit "B" from Messrs. Baird, White and Lanning, counsel for said building and loan association.

"That before receiving said check, said Definite Contract Building and Loan Association and its trustees, said W. B. Baldwin and R. F. Baldwin, illegally, and in breach of said deed of trust and contrary to the terms and directions of said deed of trust, advertised said property for sale under said deed of trust, by advertisement in the Norfolk Ledger-Dispatch, a newspaper published in the city of Norfolk, Virginia, which advertisement was for the required length of time, but did not comply with said deed of trust in a most material respect, to-wit: said deed of trust expressly required that to sell under said deed of trust sale could be only after

"having first given notice of such time, place and terms of sale for at least ten days by advertisement in one or more newspapers published in the city of Norfolk, Virginia," but in said advertisement actually used in this case, as shown by the copy hereto attached as a part of this bill marked exhibit "C" no notice for ten days or for any period whatever was advertised as to the terms of sale, the advertisement actually used reading as follows, to-wit: "Terms: Cash or credit, announced at sale. A deposit of ten per cent of the purchase price will be required of the successful bidder at the time the property is sold." That by the advertisement actually used in this case prospective purchasers were not notified whether the sale would be for cash or on credit, and if on credit the time and amounts of payment; nor given any information upon which prospective purchasers could make their financial arrangements nor properly understand said sale, so that said property was not sold pursuant to said deed of trust, nor for a fair or proper price.

"That proceeding under said illegal advertisement and pretending to act by virtue of said deed of trust, said trustees had an auction of said property on the 28th day of June, 1921, and knocked said property down to said David H. Goodman at said auction at the inadequate price of seven thousand eight hundred and ten dollars ($7,810.00) cash and forthwith made a deed to said David H. Goodman dated the 1st day of July, 1921, a copy of which is hereto attached marked exhibit "D" as part of this bill, and which deed has been recorded in the clerk's office of the Corporation Court of the city of Norfolk, Virginia.

"That said deed to Goodman is null and void, but constitutes a cloud upon the title of plaintiff and should be cancelled and declared void by this court.

"That immediately upon delivery of said deed to said Goodman, said Goodman borrowed upon said property from said building and loan association enough money to pay the whole purchase price therefor and made a deed of trust upon said property to said trustee securing said building and loan association, a copy of which is hereto attached marked exhibit "A," and which deed of trust is null and void, but a cloud upon the title of plaintiff and ought to be cancelled and adjudged void.

"That plaintiff has always been and still is ready, willing, anxious and able to do anything which he should do and to pay any money which he owes said building and loan association and offers so to pay and to do all things which in equity he should do.

"That all said defendants at the time knew said auction was made under said advertisement, exhibit "C," and said deed of trust, exhibit "A."

"Forasmuch, therefore, as the matters above set forth are contrary to equity and good conscience, plaintiff prays:

"That David H. Goodman, Definite Contract Building and Loan Association, and W. B. Baldwin and R. F. Baldwin, trustees, may be made parties defendant to this bill and required to answer the same, but answer under oath is waived as to each and all of said defendants; that said deed from W. B. Baldwin and R. F. Baldwin, trustees, to David H. Goodman and the said deed of trust from said David H. Goodman to said W. B. Baldwin and R. F. Baldwin, trustees, shall be cancelled, adjudged null and void and held for naught; that the cloud upon plaintiff's title may be removed and that such other and further relief may be granted as may be adapted to the nature of the case."

The provisions of the deed of trust, exhibited with the bill, with respect to the powers of the trustees to sell,

to fix the terms of sale, and what notice of the terms of sale they should give by advertisement, are as follows:

"* * * And the said W. B. Baldwin and R. F. Baldwin, trustees, or either of them, or their successors, when requested so to do by the said association, or assigns, shall sell the above granted property at public auction at such time and place, and upon such terms and conditions, as they may deem expedient, having first given notice of such time, place and terms of sale, for at least ten (10) days by advertisement in one or more newspapers, published in the city of Norfolk, Virginia, * . *."

The demurrers are as follows:

"1. That the advertisement and sale of the property referred to was in accordance with the terms and powers contained in the deed of trust referred to."

*Jas. G. Martin*, for the appellant.

*Baird, White & Lanning* and *Hugh C. Davis*, for the appellees.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The single question presented for decision by the assignments of error is the following:

[1] 1. Was the advertisement—"Terms: Cash or credit, announced at sale"—a substantial compliance with the provisions of the trust deed which authorized the trustees to sell "upon such terms and conditions as they may deem expedient," but required them to "first" give notice "of such * * terms" by the advertisement?

The question must be answered in the negative.

[2] The advertisement failed to state whether the terms of sale would be cash or credit, or part cash and part credit, or, if the latter, what part would be cash and what part credit, and what time would be given as to the deferred payments, if any, permitted by the credit. When analyzed, the language of the advertisement in question plainly conveyed no other meaning, which the public could rely and act upon in attending or not attending the sale, than that they would not know the terms of the sale until the day of sale, when the announcement at the sale would determine whether the terms of sale would be cash, or part cash and part credit, and, if the latter, what part cash and what part credit, and the time given on the deferred payments, if any. That is to say, it is plain that the advertisement failed to contain any terms of sale fixed and determined upon by the trustees prior to or at the time of the commencement of the advertising, notice of which, after so determined upon, was to be given in the manner and for the period mentioned in the trust deed, as required by such deed; and merely contained the statement, in substance, that the terms of sale would be announced at the sale. This, in effect, left the terms of sale wholly undetermined and unadvertised prior to the day of sale.

Under the rule on the subject applicable in a suit in equity, such as that before us, as established by the great weight of authority, and by the unbroken line of decisions in Virginia, such advertisement was not a substantial compliance with the requirements of the deed of trust with respect thereto, but was such a material departure therefrom as vitiated the sale, and because of which the conveyance to the purchaser and the trust deed executed by the latter, mentioned in the bill, must be cancelled and adjudged null and void.

[3, 4] On the subject of the mode of sale by a trustee

under a deed of trust, in 2 Minor's Inst. (3d ed.), pp. 333-4 (1), so far as material to be quoted, this is said:

"He must conform to the terms of the deed in respect to the time and manner of giving notice. * * *. 1 Lom. Dig. 427; 1 Tuck. Com. 108, B II; *Harvey* v. *Steptoe*, 17 Gratt. (58 Va.) 289; *Walker* v. *Beauchler*, 27 Gratt. (68 Va.) 526-7; *Shurtz* v. *Johnson*, 28 Gratt. (69 Va.) 664, 667-8.

"But although the trustee should sell ever so much contrary to the terms of the deed, * * yet the *legal title passes*, and the purchase is to be assailed in a court of equity alone. In that court, however, any material departure from the provisions of the deed * * will vitiate his proceedings. But if his conduct has been fair and honest, although it may have been irregular, the court will interpose very reluctantly, especially after the lapse of a considerable time. *Taylor* v. *King*, 6 Munf. (20 Va.) 366; *Harris* v. *Harris*, 6 Munf. (20 Va.) 368; *Gibson* v. *Jones*, 5 Leigh (32 Va.) 370; *Hughes* v. *Caldwell*, 11 Leigh (38 Va.) 348.

For the reasons stated above, we do not consider the instant case one in which the conduct of the trustees has been merely "irregular." They wholly failed to advertise any terms of sale; and, hence, there was in the case before us an entire material departure by the trustees from the requirements of the power under which they undertook to act.

In *Preston* v. *Johnson*, 105 Va. 238, 53 S. E. 1, as stated in the opinion (and so far as material to the cause now before us repeated here), the deed of trust stipulated that in the event of sale it should be made "* * after advertisement of * * terms (of sale) for such time and in such manner as he (the trustee) should deem advantageous, for cash sufficient to defray the expense of executing the trust and to discharge the debt; and

the residue, if any, of the purchase price, to be on such credit and secured in such manner as the grantor might direct, or in fault of such direction as the trustee might determine." The advertisement contained no statement of the terms of sale. The sale was on the terms of all cash. In the opinion of the court this is said:

"It is the well settled doctrine in this jurisdiction that a trustee for sale is the agent of both debtor and creditor, and as such it is incumbent upon him to act towards each with perfect fairness and impartiality; and, moreover, in executing the trust he must in all material particulars substantially conform to the stipulations of the deed. *Norman* v. *Hill,* 2 Patton & Heath 676; *Taylor* v. *King,* 6 Munf. (20 Va.) 358, 8 Am. Dec. 746; *Harris* v. *Harris,* 6 Munf. (20 Va.) 367; *Gibson* v. *Jones,* 5 Leigh (32 Va.) 403; *Wood* v. *Krebbs,* 33 Gratt. (74 Va.) 685; *Sulphur Mines Co.* v. *Thompson,* 93 Va. 293, 315, 316, 25 S. E. 232; *Wilson* v. *Wall,* 99 Va. 353, 355, 38 S. E. 181; 2 Min. Inst. (4th ed.) 341.

"In note to *Taylor* v. *Herring,* 19 Am. St. Rep. 263, at pp. 287-288, Mr. Freeman observes: 'Where the instrument creating the trust has given directions concerning the mode of sale, they must be substantially pursued. Any direction regarding the notice of sale is material, and the trustee is not at liberty to disobey it. His sale without complying with it, will, in most jurisdictions, be regarded either as absolutely void, or as liable to be vacated upon complaint of any person interested in the execution of the trust.' Citing *Sears* v. *Livermore,* 17 Iowa 297, 85 Am. Dec. 564.

"The learned annotator then proceeds: 'Manifestly the objects to be accomplished by a notice of sale are to advise the public of what is to be sold, and the time, the place where, and the terms upon which it may be bought; and the essentials of a notice under a trust deed.

are, therefore, a statement of the time, place and terms of sale, and such a description of the property to be sold as, if read by persons familiar with the neighborhood, will advise them of what is to be sold, and upon what terms it may be bought, and to induce them to attend the sale as prospective bidders, should they feel an inclination to invest in the property to be sold.'

" '* * * a sale made without the proper prescribed notice is invalid. * * * The purchaser is bound to know what the requirements of the deed or statute are in this respect, and to see that they have been complied with; and the mortgagor and others interested in the equity may redeem all the same, if the power is illegally exercised.' 2 Jones on Mortgages (5th ed.) sec. 1810.'

"Lewis on Trusts (notes by Flint), bottom p. 576; 1 Devlin on Deeds (2nd ed.), secs. 389, 398, 403; 2 Perry on Trusts (5th ed.) p. 188; Hill on Trustees, p. 746; *Greenleaf* v. *Queen*, 1 Pet. (U. S.) 144; *Allie* v. *Lawrence*, 12 Gray (Mass.) 373; *Hunt* v. *Townsend*, 31 Md. 336, 100 Am. Dec. 63; *Farr* v. *Simms* (S. C.), 24 Am. Dec. 400; *Yellowly* v. *Beardsley* (Miss.), 24 So. 973, 71 Am. St. Rep. 538."

See, also, to same effect 27 Cyc. 1465, 1466-7; 28 Am. & Eng. Ency. L. (2d ed.), pp. 783, 785-8, 791, 811, and authorities cited.

It is urged in argument for the appellees that the trustees advertised that the sale would be for cash, and that they sold for cash. That the fact that the advertisement also said that the sale might be made on a credit to be announced at the sale, if it were conceded that the trustees had no power to so advertise, cannot invalidate a sale made upon terms authorized and actually advertised as required by the trust deed. The fallacy of this argument lies in the statement that the

advertisement was of a sale for cash. As we have seen, the advertisement was so phrased that it did not in fact state any terms of sale as having been fixed and determined upon by the trustees previously to the sale, but left the terms wholly undetermined by the advertisement and to be announced at the sale. Hence, as aforesaid, there was no advertisement of the terms of sale.

The following authorities are cited in behalf of the appellees, namely: *Hubbard* v. *Jarrell*, 23 Md. 66; *Powers* v. *Kneckoff*, 41 Mo. 425, 97 Am. Dec. 281; *Stine* v. *Wilkinson*, 10 Mo. 75; *Dana* v. *Farington*, 4 Minn. 433 (Gil. 335); *Markey* v. *Langley*, 92 U. S. 142, 23 L. Ed. 701; *Horsey* v. *Hough*, 38 Md. 130, 139; 28 Am. & Eng. Ency. L. (2d ed.), p. 971; *State* v. *Fawcett*, 58 Neb. 371, 78 N. W. 636-7; and *Plattor* v. *County of Elkhart*, 103 Ind. 360, 2 N. E. 544. We find nothing in the holding in any of these authorities contrary to what we have said and quoted above. Only in the single case of *Hubbard* v. *Jarrell, supra* (23 Md. 66), is there anything which could be said to be in conflict with our holding above. In that case there was a variance between the terms of the sale as actually made (the sale having been in fact made for all cash) from the terms of sale advertised (the terms advertised being "one-third cash and residue on credit of six and twelve months," etc.); but, as stated in the opinion of the court, there was no objection made to the sale on that ground; the only objection, as also stated in the opinion, was that "the terms of sale (prescribed by the mortgage deed) were departed from *in selling* partly for cash and partly on credit, when the power in the mortgage directed a sale for cash only." (Italics supplied.) The court, however, held that, while it was true that a change from a cash to a credit sale was advertised (which was a departure from requirement

contained in the mortgage power in that particular, but which, however, was not material to the decision as no objection was made on that ground), the sale as actually made was for cash, which complied with the requirement of the mortgage, and "was no departure from the specified terms" of sale contained in the mortgage. And in the course of this very opinion the court said this: "It is true that in a case like this no departure from the terms and conditions of the instrument would be sanctioned, they being a contract of the parties, which neither could violate without the consent of the other, and over which the court would have no control."

The decree under review will, therefore, be reversed, set aside and annulled, with costs in this court decreed in favor of the plaintiff, and the cause will be remanded to the court below with directions that, upon it being made to appear to such court that the plaintiff has, within a reasonable time, paid or tendered to the Contract Building and Loan Association all of the instalments of the deed of trust debt which were past due and payable to such association, together with legal interest thereon, as of the date it received the check of the plaintiff for $94.72, mentioned in the bill and in exhibit "B" therewith, the court will enter a proper decree cancelling the deed of conveyance from the said trustees to the said purchaser and the deed of trust executed by the latter, mentioned in the bill, adjudging the same to be null and void, providing for proper entries of record to be made in the premises, and decreeing in favor of the plaintiff all taxable costs in that court, both preceding and following the appeal, and the expense of making said entries of record, if paid by the plaintiff.

*Reversed and remanded for final decree.*