# Richmond.

## G. L. MORRIS v. ORA P. SCRUGGS.

### January 20, 1927.

1. EQUITY—*Multifariousness—When Bill is Multifarious.*—A bill is multifarious when there is improperly joined in one bill distinct and independent matters, thereby confounding them; as, for example, the uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill. In the latter case, the proceeding would be oppressive, because it would tend to load each defendant with an unnecessary burden of costs by swelling the pleadings with the statement of the several claims of the other defendants with which he has no connection.

2. EQUITY—*Multifariousness—Court will Dismiss of its Own Motion.*—It is the duty of the court, of its own motion, to dismiss a bill that is multifarious, but this action should only be taken where justice will be promoted—not thwarted.

3. MULTIFARIOUSNESS—*Convenience in the Administration of Justice—Injury to Party—Objection that Pleading is Multifarious.*—Courts in dealing with the question of multifariousness, look particularly to convenience in the administration of justice; and, if this is accomplised by the mode of proceeding adopted, the objection of multifariousness will not lie, unless the course pursued is so injurious to one party as to make it inequitable to accomplish the general convenience at his expense. So that, when we look to see if a bill is multifarious, the first question to be determnied is, does the bill propose to reach the end aimed at in a convenient way for all concerned? And, if the mode adopted does accomplish the end of convenience, then the question arises, is any one hurt by it, or so injured as to make it unjust for the suit to be maintained in that form?

4. EQUITY—*Multifariousness—Injury to Party Complaining—Case at Bar.*—In the instant case defendant objected to an amended bill by complainant as multifarious because the amended bill alleged a different ground for recovery from the original bill.

   *Held:* That if complainant was entitled to recover, either upon the ground alleged in the original bill or upon the ground alleged in the amended and supplemental bill, the appellant, defendant, was not hurt by the method adopted.

5. EQUITY—*Multifariousness—Application of Section 6331 of the Code of 1919.*—Where on appeal it is assigned as error that complainant's amended bill was multifarious if the decree on the merits is without error, section 6331 of the Code of 1919 should be given the fullest effect. It is there provided that no decree shall be reversed for any error committed, where it plainly appears that substantial justice has been reached.

6. APPEAL AND ERROR—*Reversal—Substantial Justice Reached—Section 6331 of the Code of 1919—Application to Equity Causes.*—Section 6331 of the Code of 1919, providing that no decree shall be reversed for any error committed where it plainly appears that substantial justice has been reached, while most often invoked to sustain a judgment rendered in an action at law, is equally applicable to a decree in chancery and should always be invoked where it is possible to do so.

7. EQUITY—*Bill in Equity—Election—Case at Bar.*—In the instant case the original bill alleged that a deed by a trustee in a deed of trust was invalid on the ground of fraud. The amended bill alleged that the deed was voidable on account of the illegal advertisement of sale. It was argued by defendant that the doctrine of election applied, but this contention was without merit. Where one has choice of one of two remedies, then he must elect; but where one asserts but a single right, he may allege several reasons therefor.

8. MORTGAGES AND DEEDS OF TRUST—*Sale Under Deed of Trust—Compliance with Terms of Deed.*—A sale under a deed of trust must conform to the terms stated in the deed.

9. MORTGAGES AND DEEDS OF TRUST—*Sale—Adjournment.*—A trustee in a deed of trust has power and authority, in the exercise of a sound discretion, to adjourn the sale to a different day.

10. MORTGAGES AND DEEDS OF TRUST—*Sale—Postponement of Sale—Advertisement—Case at Bar.*—A trustee in a deed of trust advertised a sale under the deed to be held on the 13th day of March. On that day, on account of bad weather, the sale was adjourned until the 13th of April. No re-advertisement was had of the postponement; the only action taken by the trustee was the announcement that the sale would be postponed, and there were present only a half dozen probable purchasers.

*Held:* That the sale at the date of the postponement was invalid for want of proper notice. It was the duty of the trustee to re-advertise the sale for a reasonable period of time.

11. MORTGAGES AND DEEDS OF TRUST—*Sale—Adjournment—Notice.*—Where a mortgage foreclosure sale is postponed or adjourned, a new and sufficient notice of the time and place for the sale must be published, but it is generally held that it need not be published or advertised for the same length of time that is requisite in the first instance, such notice as will give reasonable publicity being sufficient, provided the notice is given in good faith and contains all the essen-

tial requisites of a notice of sale. No iron clad rule, however applicable to every case, can be laid down. The decision must necessarily depend upon the circumstances of the particular case.

12. MORTGAGES AND DEEDS OF TRUST—*Sale—Advertisement—Complying with Terms of Deed—Cash or Credit—Case at Bar.*—An advertisement of sale under a deed of trust after providing for a cash payment concluded, "residue to be made payable on terms to be announced on the day of sale."

   *Held:* That the terms of sale set forth were insufficient as the public would not know until the day of the sale what part of the residue would be cash and what part credit.

13. APPEAL AND ERROR—*What will be Considered on Appeal—Everything Appearing in the Pleadings.*—The Supreme Court of Appeals will take knowledge of everything appearing in the pleadings, although not raised in the briefs nor in the argument.

Appeal from a decree of the Circuit Court of Buckingham county. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Jno. B. Boatwright,* and *A. B. Dickinson,* for the appellant.

*John D. Easley,* for the appellee.

CAMPBELL, J., delivered the opinion of the court.

Mrs. Ora P. Scruggs, the appellee, filed her original bill in the Circuit Court of Buckingham county in which she sets forth that she was seized and possessed, in fee simple, of a tract of land containing four hundred and twenty-one acres, situated in James River magisterial district, which land was acquired by inheritance from her father; that she had borrowed from the Merchants and Planters National Bank of Dillwyn, Virginia, the sum of twenty-five hundred dollars, which debt was evidenced by two negotiable notes for the

sums of $1,500 and $1,000, respectively, and secured by two deeds of trust upon the land mentioned; that these two notes were renewed from time to time; that in the early part of the year 1923 she was notified by the bank that the debt would have to be paid; that she thereupon wrote the bank requesting a further extension of time upon the debt, and, receiving no reply, she assumed that such extension would be granted; that at the time of this request she was a resident of the city of Richmond; that in March, 1923, the appellant, who was a first cousin and former family physician of appellee, came to her home in Richmond and showed her an advertisement of sale of her property, under the deeds of trust; that she was without business experience; that when she read the advertisement she was almost prostrated over the knowledge that her property was to be sold; that she appealed to her kinsman, the appellant, for advice and assistance; that the appellant advised her to let the sale take place and promised her that he would appear at the sale and bid in the property for her, and see that her interests were in every way protected; that appellant promised that he would advance the purchase price and agreed to hold the property until she could conveniently repay him the money advanced; that she relied upon the promise and was not present on the day the property was advertised for sale; that the appellant, instead of buying the property for appellee, bought the property for himself and took a conveyance to himself from the trustee named in the two deeds of trust.

The prayer of the original bill is that appellant be required to reconvey the land to appellee upon the payment to appellant of the sum paid by him to the trustee.

There was a demurrer to the bill which the court properly overruled.

On December 1, 1924, appellee filed in the clerk's office an amended and supplemental bill, which adopted the allegations of the original bill and further alleged that the sale made by the trustee to the appellant was invalid and voidable. The allegation relied upon is stated thus:

"Your complainant would further show that under the terms of the said deed of trust under which the said Boatwright undertook to sell the said property, it was provided that the land could be sold only after advertising such sale by printed handbills posted at three or more public places in the said county at least thirty days prior to such sale. The said trustee posted printed handbills advertising the sale to be held the 13th day of March, 1923, but the sale was not held on that date. The sale was made on the 13th day of April, 1923, and complainant is advised and charges that no handbills were printed or posted advertising the sale of April the 13, 1923, as required by the said deed of trust, and for that reason, as complainant is advised, and now charges, the said sale was voidable and should be set aside."

To this amended bill, appellant, the trustee, and the bank were made parties defendant.

On December 15, 1924, appellant moved the court to dismiss the amended and supplemental bill, without assigning any reasons so far as the order entered shows. The motion to dismiss was overruled. Thereupon appellant filed the following demurrer:

"The bill shows on its face that the said alleged contract and agreement between the plaintiff and this defendant was a parol contract for the sale of real estate and neither it nor any memorandum thereof was in writing and it therefore cannot be enforced."

This demurrer being overruled, the appellant and the

other two named defendants filed their separate an-
swers denying all of the material allegations of the
original and amended bills.

The cause having been submitted for a decision on
the merits, the chancellor decreed "that the trust, *ex
maleficio* set up by the plaintiff in her original and
amended and supplemental bill, is not sustained by
the evidence; and that the sale of the land involved
in this litigation by  *  *  *  the trustee, under the
deeds of trust in the bill and proceedings mentioned,
was not properly advertised as required by the said
deeds of trust and the said sale is therefore set aside,
cancelled and annulled, and the said deed from the
said  *  *  *  trustee to the defendant, G. L. Mor-
ris, is hereby cancelled and annulled;  *  *  ."

It was further decreed that appellant should be
subrogated to all the rights of the creditor secured by
the two deeds of trust.

Three errors are assigned in the petition for an
appeal.   It is assigned as error:

"1. The action of the court in permitting the amend-
ed and supplemental bill to be filed, because (a) it
came too late; (b) it was inconsistent with the original
bill; (c) it made out an entirely new and different
case; (d) it rendered the bill multifarious."

[1] In *Dennis* v. *Justus*, 115 Va. 512, 79 S. E. 1077,
it is stated in the syllabus: "A bill is multifarious
when there is improperly joined in one bill distinct
and independent matters, thereby confounding them;
as, for example, the uniting in one bill of several
matters perfectly distinct and unconnected against one
defendant, or the demand of several matters of a
distinct and independent nature against several de-
fendants in the same bill.   In the latter case, the
proceeding would be oppressive, because it would tend

to load each defendant with an unnecessary burden of costs by swelling the pleadings with the statement of the several claims of the other defendants with which he has no connection."

[2] It is the duty of the court, of its own motion, to dismiss a bill that is multifarious, but this action should only be taken where justice will be promoted—not thwarted.

Even though we concede the bill to be multifarious, the rule applicable to the instant case is, we think, admirably stated by Judge Harrison in *School Board* v. *Farish,* 92 Va. 160, 23 S. E. 221, and approved by Judge Keith in *Seefried* v. *Clarke,* 113 Va. 369, 74 S. E. 204.

[3] In the *School Board Case, supra,* it is said: "Courts, in dealing with this question, look particularly to convenience in the administration of justice; and, if this is accomplished by the mode of proceeding adopted, the objection of multifariousness will not lie, unless the course pursued is so injurious to the party as to make it inequitable to accomplish the general convenience at his expense. So that, when we look to see if a bill is multifarious, the first question to be determined is, does the bill propose to reach the end aimed at in a convenient way for all concerned? And, if the mode adopted does accomplish the end of convenience, then the question arises, is any one hurt by it, or so injured as to make it unjust for the suit to be maintained in that form?"

[4] In the instant case, if the appellee was entitled to recover, either upon the ground alleged in the original bill or upon the ground alleged in the amended and supplemental bill, the appellant is not hurt by the method adopted.

If the suit had been brought in the first instance to

avoid the sale, by reason of the illegal advertisement, the appellant was a necessary party defendant, because the legal title to the land was in him.

Aside from the assertion of whatever rights he may have, he is only concerned in the small amount of costs incurred in taking depositions on the question of the second sale. This cost he was primarily liable for in either event. The other two defendants are not here complaining, though they are more concerned in the question of costs than the appellant.

[5] Then, too, assuming for the moment that the decree on the merits is without error, section 6331 of the Code should be given the fullest effect. It is there provided that no decree shall be reversed for any error committed, where it plainly appears that substantial justice has been reached.

[6] This section, while most often invoked to sustain the judgment rendered in an action at law, is equally applicable to a decree in chancery and should always be invoked where it is possible to do so.

[7] It is also urged that the doctrine of election applies in this cause. We do not concur in this view. The original bill alleged that the deed was invalid, on the ground of fraud. The amended bill alleged that it was voidable on account of the illegal advertisement of sale. Where one has choice of one of two remedies, then he must elect; but where one asserts but a single right, he may allege several reasons therefor.

It is also assigned as error that, "(a) the court erred in finding that no readvertisement of the adjourned sale was made; (b) that the court erred in holding it a rule of law that such readvertisement was essential, though no damage is alleged to result to complainant nor any sacrifice of her property."

[8] In *New York Life Ins. Co., et al,* v. *John A. Kennedy,* 146 Va. 197, 135 S. E. 882, the most recent decision of this court upon the question of the sale of property under the terms of the deed of trust, it was held that the sale must conform to the terms stated in the deed.

[9] It has been repeatedly decided by this court, that a trustee in a deed of trust has power and authority, in the exercise of a sound discretion, to adjourn the sale to a different day. *Linney* v. *Normoyle,* 145 Va. 589, 134 S. E. 554, and authorities there cited. The question most often in issue is as to the manner and time of authorizing the adjournment.

An examination of the cases on this proposition discloses that the courts are about equally divided.

In R. C. L., Vol. 19, page 605, it is said: "According to some decisions, notice of postponement need not be made for the same length of time as the original notice * * *; other cases, however, hold that the notice of postponement must be for the same length of time as that required in the first instance for the original time of sale." Citing notes to 92 A. S. R. 590, L. R. A. 1915B, page 643.

[10] In the instant case it conclusively appears that the trustee posted handbills advertising the sale to be held on the 13th day of March, 1923. On that day, on account of the inclemency of the weather, the sale was adjourned until the 13th day of April. No readvertisement was had; the only action taken by the trustee was the announcement that the sale would be postponed.

When this announcement was made there were present a half dozen probable purchasers.

The object in advertising the time, place and terms of sale, where property is to be sold under a deed of trust, is manifestly to advise the public of what is to be

sold and to solicit attendance in order that there may be competitive bidding. It is as essential, we think, that the public should be informed of the adjournment of the sale, as it is that the public should be informed of the sale in the first instance.

[11] As a general rule, it is the duty of the trustee to give such notice of the postponement of the sale as is reasonably calculated to give proper publicity of the time, terms, and place of sale to be had. 19 R. C. L. 604. We would not, however, be warranted in laying down an iron clad rule, applicable to every case. The decision must necessarily depend upon the circumstances of the particular case.

In 27 Cyc. page 1476, it is said: "Where a mortgage foreclosure sale is postponed or adjourned, a new and sufficient notice of the time and place for the sale must be published, but it is generally held that it need not be published or advertised for the same length of time that is requisite in the first instance, such notice as will give reasonable publicity being sufficient, provided the notice is given in good faith, and contains all the essential requisites of a notice of sale."

We think this rule a most salutary one and one decisive of the question herein involved. It would indeed seem absurd to hold that it was the duty of the trustee to postpone a sale because there were only six persons in attendance, and then when only the six are notified to come back at a future day, to hold the public has been duly notified of the postponement of the sale.

Under the circumstances of this case, the sale having been advertised by posters posted in at least three public places in the county, it was the duty of the trustee to readvertise the sale for a reasonable period of time.

Without entering upon a discussion of the question of estoppel raised in the petition, we think the ruling of the chancellor was without error.

[12, 13] There is appended to the bill of complaint, as "Exhibit No. 3," a copy of the advertisement of sale. The terms of sale are thus set forth: "Cash sufficient to pay the costs of executing this trust and to pay the amount due on the two notes aforesaid, residue to be made payable on terms to be announced on the day of sale."

While the sufficiency of the terms of sale has neither been raised in the briefs nor in the argument, yet under the well settled doctrine that this court will take knowledge of everything appearing in the pleadings, we also hold the terms set forth insufficient under the decision of *Tabet* v. *Goodman*, 136 Va. 526, 118 S. E. 230. There it is said:

"The advertisement failed to state whether the terms of sale would be cash or credit, or part cash and part credit, or, if the latter, what part would be cash and what part credit, and what time would be given as to the deferred payments, if any, permitted by the credit. When analyzed, the language of the advertisement in question plainly conveyed no other meaning, which the public could rely and act upon in attending or not attending the sale, than that they would not know the terms of the sale until the day of sale, when the announcement at the sale would determine whether the terms of sale would be cash, or part cash and part credit, and, if the latter, what part cash and what part credit, and the time given on the deferred payments, if any. That is to say, it is plain that the advertisement failed to contain any terms of sale fixed and determined upon by the trustees prior to or at the time of the commencement of the

advertising, notice of which, after so determined upon, was to be given in the manner and for the period mentioned in the trust deed, as required by such deed; and merely contained the statement, in substance, that the terms of sale would be announced at the sale. This, in effect, left the terms of sale wholly undetermined and unadvertised prior to the day of sale.

"Under the rule on the subject applicable in a suit in equity, such as that before us, as established by the great weight of authority, and by the unbroken line of decisions in Virginia, such advertisement was not a substantial compliance with the requirements of the deed of trust with respect thereto, but was such a material departure therefrom as vitiated the sale, and because of which the conveyance to the purchaser and the trust deed executed by the latter, mentioned in the bill, must be cancelled and adjudged null and void."

So that, upon the whole case, we are of the opinion that the decree of the circuit court is right and should be affirmed.

*Affirmed.*