MICHAEL J. DADY, Respondent, v. JOHN H. O'ROURKE, Appellant, Impleaded with THE HAMILTON TRUST COMPANY.

*Judgment directing the delivery of a document — appeal therefrom — what stays the execution thereof — the court must fix the amount of the undertaking.*

A judgment which directs the delivery by one of the defendants to the plaintiff of a number of shares of stock, is a judgment directing the delivery of a document or of personal property within the meaning of section 1328 of the Code of Civil Procedure, which provides that the taking of an appeal from such a judgment does not stay the execution thereof " until the thing directed to be assigned or delivered is brought into the court below, or placed in the custody of an officer or receiver designated by that court; or the appellant gives a written undertaking as prescribed in the next section."

The provision of section 1329 of the Code of Civil Procedure authorizing the court to fix the amount of the undertaking, does not empower it to prevent the appellant from obtaining a stay by refusing to fix any amount whatever.

APPEAL by the defendant, John H. O'Rourke, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of June, 1901, denying said defendant's motion for an order fixing the sum in which the appellant should give a written undertaking to stay the execution of the judgment herein on appeal.

*L. Laflin Kellogg,* for the appellant.

*James C. Church,* for the respondent.

WILLARD BARTLETT, J.:

The judgment in this action, from which the defendant O'Rourke has appealed, declares the contract between the plaintiff and the said defendant to be broken and rescinded on the part of such defendant and directs the other defendant, the Hamilton Trust Company, to deliver to the plaintiff 687 shares of the capital stock of the Hygienic Ice Company heretofore deposited by the plaintiff with the said trust company.

This is clearly a judgment directing the delivery of a document or of personal property within the meaning of section 1328 of the Code of Civil Procedure.

That section provides that where an appeal is taken from such a judgment it does not stay the execution of such judgment "until the thing directed to be assigned or delivered is brought into the court below, or placed in the custody of an officer or receiver, designated by that court; or the appellant gives a written undertaking as prescribed in the next section."

Referring to the next section, we find that the written undertaking therein prescribed must be "in a sum fixed by the court below, or a judge thereof, to the effect that the appellant will obey the direction of the appellate court upon the appeal." (Code Civ. Proc. § 1329.)

The appellant has applied unsuccessfully to a justice of this court at Special Term to fix the amount of an undertaking to stay the execution of the judgment herein under these provisions of the Code. The action of the court below appears to have been based upon the idea that a stay under section 1328 of the Code is not a matter of right, but may be granted or withheld in the exercise of judicial discretion. We think this view is incorrect. Sections 1328, 1329, 1330 and 1331 of the Code of Civil Procedure provide various methods, applicable to various classes of cases, whereby execution of the judgment or order appealed from may be stayed pending an appeal upon the compliance by the appellant with certain prescribed conditions. These conditions are to some extent dependent upon the exercise of judicial discretion. Thus the sum in which a written undertaking is to be given to stay the execution of a judgment directing the delivery of personal property or the recovery of a chattel is to be fixed by the court from which the appeal is taken or by one of the judges of that tribunal. When this sum has been fixed, however, and the appellant gives a written undertaking in that amount the proceedings are thereby stayed without any further judicial action; and we think that the appellant in such a case has the right, upon an application for that purpose, to have some amount fixed as the sum to be specified in the undertaking. We are of the opinion that the judge to whom such an application is made cannot prevent him from obtaining a stay by refusing to fix any amount at all.

Such was the view of the provisions of section 1331 of the Code, taken by the General Term of the fourth department in the case of

*Grow* v. *Garlock* (29 Hun, 598). There it was said : "The case is not one resting in the discretion of the court. The statute prescribes what shall effect a stay. If the undertakings given by the appellants were such as the statute required to be given for that purpose the appellants needed no order; if they were not, no order assuming to stay proceedings could aid them." This construction of section 1331 was approved by the Court of Appeals in *Werner* v. *Tuch* (119 N. Y. 632). The provisions of section 1331 are so analogous to those of section 1328 that the same construction must be applied to both.

The order appealed from should be reversed and the case remitted to the Special Term for the exercise of its discretion in fixing the amount of the prescribed undertaking.

GOODRICH, P. J., HIRSCHBERG, JENKS and SEWELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and case remitted to the Special Term for the exercise of its discretion in fixing the amount of the prescribed undertaking.