(67 App. Div. 389.)

### HAINES v. HEIN et al.

(Supreme Court, Appellate Division, Third Department. December 7, 1901.),

1. APPEAL BOND—SURETY COMPANY—JUSTIFICATION.

Code Civ. Proc. § 811, provides that, if an undertaking executed by a surety company is excepted to, such company shall justify. Laws 1893,. c. 720, § 4, amended by Laws 1895, c. 178, provides that a surety company may be required to file with the clerk of the county in which its principal place of business is located a sworn statement of condition, and, through one or more of its officers, submit to an examination as to its solvency, and that the certified copy of such statement and examination shall be received in justification on bonds and undertakings executed: by such company, and that the court may approve the undertaking without further justification, or require further justification. as it shall' deem requisite. *Held*, that a certified copy of the annual report or statement of the surety company, filed in the office of the state superintendent of insurance, was an insufficient justification, under the statute.

2. SAME—OFFICER OF A SURETY COMPANY.

Testimony by an officer of the surety company, having knowledge of the financial condition, is sufficient, on an examination before the justice as to such financial standing.

3. SAME—EXCEPTION TO SURETY—ABANDONMENT—FAILURE TO EXAMINE OFFICER.

Where counsel for plaintiff was an inferior officer of one of the branches of a surety company, offered as surety under an order requiring plaintiff to file security for costs, and on proceedings to justify such surety under Laws 1893, c. 720, § 4, amended by Laws 1895, c. 178, which permits justification by an officer of the surety company with knowledge of the financial condition, defendants failed to examine such

counsel with regard to the financial condition of the company, they did not thereby abandon their exception to the sufficiency of the surety, plaintiff's counsel not having offered himself as a witness, nor signified that he was there for that purpose.

Appeal from special term, Albany county.

Action by Edgar M. Haines, as trustee in bankruptcy of E. M. Hein and Jennie Hein, against Emanuel M. Hein and others. From an order denying a motion to set aside the allowance of the undertaking to secure payment of costs, and from an order approving and allowing such undertaking, defendants appeal. Reversed.

Argued before PARKER, P. J., and SMITH, EDWARDS, CHASE, and HOUGHTON, JJ.

Mark Cohn, for appellants.

Rosendale & Hessberg, for respondent.

EDWARDS, J. The defendants excepted to the surety in an undertaking executed by the American Surety Company of New York, given in pursuance of an order of the court requiring the plaintiff to file security for costs. Thereafter a notice was given by the plaintiff of the justification of the surety before a justice of this court, and at the appointed time the plaintiff and the defendants appeared by their respective counsel, when the following proceedings were had before the justice: The counsel for the plaintiff offered in evidence a certified copy of the annual report of the American Surety Company for the year ending December 31, 1900, filed in the office of the superintendent of insurance of the state. This was objected to by counsel for defendants "as incompetent, improper, inadmissible, and not the evidence that the statute requires on justification of a bond of a surety company." Thereupon the counsel for the plaintiff asked to be sworn, and testified that the American Surety Company has a local board in the city of Albany, and that he was one of the resident assistant secretaries. He then offered in evidence a statement of the financial condition of the company, verified by one Mr. Zevely, secretary of the company, under date of June 30, 1901, which, under the objection of the defendants, was excluded. Thereupon the justice overruled the objection of the defendants to the annual report, and received the same under the defendants' exception; whereupon the counsel for the plaintiff said, "We have nothing more to offer." No further or other testimony was offered by the plaintiff or the defendants, and the justice, under the objection of the defendants' counsel that no proper justification had been made under the statute, approved the undertaking. Thereafter the special term, held by the same justice, denied a motion made by the defendants, on notice, to set aside the allowance of the undertaking. From the order denying such motion, and from the order approving and allowing the undertaking, the defendants have appealed.

I think the learned justice erred in approving and allowing the undertaking, and again in refusing at special term to set aside such allowance. The defendants were entitled to a justification of the surety, and there was none. Section 811 of the Code of Civil Pro-

cedure provides that, where an undertaking has been executed by a surety company authorized by the laws of this state to transact business, such company, "if excepted to, shall justify through its officers or attorney in the manner required by law of fidelity and surety companies." Section 4 of chapter 720 of the Laws of 1893, as amended by chapter 178 of the Laws of 1895, provides that:

"The supreme court in the judicial department which includes the county in which the principal place of business in this state of any such company shall be located, may, at any time, and as frequently as said court shall deem requisite, require such company to file with the clerk of said county a sworn statement of its condition, and may also require such company, through one or more of its officers, to submit to an examination as to its solvency under the rules prescribed by section three of this act by a referee appointed by and under the direction of said court."

The section further provides that such statement and examination, when filed with said clerk, or a certified copy thereof, when filed with any other clerk of the supreme court, or with any other court, shall be received and considered as given in justification upon any and all bonds and undertakings executed by such company, and that the court may, if it deems such justification sufficient, approve the undertaking without further justification, or may direct such further justification, through the officers of the company, as it shall deem requisite. The evident purpose of this provision was to relieve surety companies from the necessity of attending for an examination through its officers whenever its undertaking is excepted to, and at the same time afford adequate protection to the person for whose benefit such undertaking is given. No copy of such sworn statement and examination was offered by the plaintiff's counsel on the justification, but instead thereof the justice improperly received in evidence, against the objection of the defendants, a certified copy of the annual report or statement of the American Surety Company, filed in the office of the state superintendent of insurance. There is no statutory or other authority for receiving such report in evidence on the justification of sureties.

I am of opinion that the mode prescribed by statute in which a surety company may justify is not exclusive, and an attendance for examination before the justice of one of its officers having knowledge of its financial condition is sufficient. Here, however, there was no examination of such an officer. The plaintiff's counsel contends that an officer of the company appeared in the person of the plaintiff's counsel, who was one of the resident assistant secretaries of an Albany branch of the American Surety Company, and that the duty was upon the defendants to examine him with regard to the financial condition of the company, and, not having done so, they must be deemed to have abandoned their exception. This position is clearly untenable. This inferior officer of one of the branches of the defendant was counsel for the plaintiff on the proceeding, and it is apparent that he appeared there for quite another purpose than that of being examined with regard to the financial condition of the company. His contention before the justice was that the annual report was a justification. It is highly improbable that he had any knowledge of the financial condition of the company, nor did he

on that occasion represent that he had such knowledge, or offer himself as a witness for the purpose of examination, or give any intimation whatever that he was there for that purpose. There is much reason for the belief that this contention of the learned counsel is purely an afterthought.

The plaintiff's counsel further contends that the approval of·the undertaking was a matter of discretion with the justice which should not be interfered with. For the purpose of the argument, assuming this to be true, there must be some evidence on which the judicial mind can act. Here there was none. The defendants had a clear, substantial right to a justification of the surety, and, that right having been denied them, the order is appealable.

The order appealed from should be reversed, with costs, and the motion granted, with costs. All concur.