THE CONTINENTAL BANK AND TRUST COMPANY OF NEW YORK, as Successor Trustee under a Certain Trust Mortgage, Dated June 2, 1923, Made by 898 WEST END AVENUE CORPORATION, Respondent, *v.* 898 WEST END AVENUE CORPORATION and Another, Defendants.

FANNIE D. HARRIS, Appellant.

First Department, June 20, 1935.

*Marcus Miller* of counsel [*Albert Harris*, attorney, appearing specially], for the appellant.

*I. Bernard Leff* of counsel [*Wise, Shepard & Houghton*, attorneys], for the respondent.

MERRELL, J. We are of the opinion that the court at Special Term was powerless to make the order appealed from.

In June, 1934, the appellant brought action in the Municipal Court of the City of New York against the defendant 898 West End Avenue Corporation upon a bond held by her issued by said defendant in the sum of $500. This bond had already matured, together with five interest coupons then in arrears, making a total sum sued for of $560, besides interest. The plaintiff, respondent, on August

15, 1934, brought action, as trustee, for the foreclosure of a mortgage on the premises of the said defendant 898 West End Avenue Corporation. In the Municipal Court action brought by the appellant, said defendant interposed numerous defenses, including one to the effect that the said foreclosure action was pending, and that the plaintiff had no standing in court. The defendant also interposed the defense that the bond sued upon by the appellant in the Municipal Court action was subject to the trust indenture. All of these defenses were overruled by the official referee before whom the action was tried in Municipal Court, and judgment was awarded to the appellant on her bond, and judgment entered thereon in favor of the appellant and against said defendant in the sum of $629 on April 22, 1935. Thereupon the said defendant moved, by an order to show cause returnable April 24, 1935, for an order staying the appellant from in any way proceeding with the judgment which she had obtained against said defendant. The order to show cause contained a temporary stay which was obtained *ex parte* without any notice by the respondent herein. The moving affidavit sought a permanent stay preventing the appellant from proceeding with her judgment until the final determination of the present action to foreclose the mortgage on the premises. No plan of reorganization had been finally approved by the referee appointed in said action, nor had any such plan been submitted to the bondholders under the so-called Burchill Act (Laws of 1933, chap. 729). The application for a stay was opposed by the appellant on the ground, *first*, that the court was without jurisdiction over the appellant for the reason that no process had been served upon her upon the application in question; *second*, that the court had no power to grant the application; and *third*, that the moving party had been guilty of laches. All of these objections were overruled by the court at Special Term, and the application for a stay was granted.

Unquestionably, the judgment which had been obtained by the appellant against the defendant was a judgment of a court of competent jurisdiction having jurisdiction over the parties and the subject-matter of the action. As the result of the trial in Municipal Court, judgment was rendered in favor of the appellant in the sum of $629. We know of no provision of the Civil Practice Act or of law granting to the court at Special Term power to stay the execution of the appellant's money judgment. Under the provisions of the Civil Practice Act a money judgment may only be stayed by giving a written undertaking. Section 594 of the Civil Practice Act reads, in part, as follows: "If the appeal is taken from a judgment for a sum of money, or from a judgment

or order directing the payment of a sum of money, it does not stay the execution of the judgment or order until the appellant gives a written undertaking to the effect that if the judgment or order appealed from or any part thereof is affirmed, or the appeal is dismissed, he will pay the sum recovered or directed to be paid by the judgment or order or the part thereof as to which it is affirmed." While it is true that section 594 of the Civil Practice Act relates to appeals to the Court of Appeals, by sections 625 and 630 of the Civil Practice Act the same procedure which must be invoked upon an appeal to the Court of Appeals is distinctly made applicable to appeals to the Appellate Division or to the Appellate Term. Section 625 of the Civil Practice Act provides as follows: " Security is not required to perfect the appeal, *but to stay the execution of the judgment, security must be given and the sureties may be excepted to and must justify as upon an appeal to the Court of Appeals from a judgment of the same amount or to the same effect.*" (Italics are the writer's.) By section 630 of the Civil Practice Act the procedure which obtains on appeals to the Court of Appeals and the Appellate Division was made distinctly applicable to appeals to the Appellate Term of the Supreme Court. Section 630 reads as follows: " The provisions relating to the hearing of appeals to the appellate division in an action in the supreme court and to subsequent proceedings thereupon apply to an appeal to the supreme court or the appellate division thereof from a judgment or order of an inferior or local court in an action, except as otherwise provided by statute." By section 159 of the Municipal Court Code a money judgment may only be stayed by express compliance with relevant provisions of the statute. Section 159 of the Municipal Court Code provides as follows: " The appellant may stay execution by filing with the clerk and serving, as hereinafter provided upon the attorney for the respondent if the respondent has appeared by an attorney, a written undertaking executed by one or more sureties to the effect that if the appeal is dismissed, or if the judgment is rendered against the appellant in the appellate court and an execution issued thereon is returned wholly or partly unsatisfied, the sureties will pay the amount of the judgment or the portion thereof remaining unsatisfied and all costs and disbursements awarded against him on the appeal, not exceeding a sum specified in the undertaking, which must be at least one hundred dollars, and not less than twice the amount of the judgment." The above-quoted sections, in our opinion, circumscribe the power of the court to grant a stay. The decisions of the courts hold that there is no other method of staying the execution of a money judgment, except by compliance with the provisions of law hereinbefore quoted. *Evalenko* v. *Catts* (214

App. Div. 711) is a decision of this court on an application for a stay of a money judgment pending appeal. In such decision this court stated the rule as follows: " Motion denied and stay vacated. The judgment being a money judgment, an undertaking must be filed to obtain a stay under the provisions of the Civil Practice Act." In the case of *Dady* v. *O'Rourke* (65 App. Div. 465) Mr. Justice WILLARD BARTLETT, writing for a unanimous court in the Second Appellate Division, in interpreting analogous sections of the Code of Civil Procedure, the predecessors of the present Civil Practice Act (at p. 466), used the following language: " The action of the court below appears to have been based upon the idea that a stay under section 1328 of the Code is not a matter of right, but may be granted or withheld in the exercise of judicial discretion. * * * Thus the sum in which a written undertaking is to be given to stay the execution of a judgment directing the delivery of personal property or the recovery of a chattel is to be fixed by the court from which the appeal is taken or by one of the judges of that tribunal. When this sum has been fixed, however, and the appellant gives a written undertaking in that amount, the proceedings are thereby stayed without any further judicial action; and we think that the appellant in such a case has the right, upon an application for that purpose, to have some amount fixed as the sum to be specified in the undertaking. We are of the opinion that the judge to whom such an application is made cannot prevent him from obtaining a stay by refusing to fix any amount at all.

"Such was the view of the provisions of section 1331 of the Code, taken by the General Term of the Fourth Department in the case of *Grow* v. *Garlock* (29 Hun, 598). There it was said: ' The case is not one resting in the discretion of the court. The statute prescribes what shall effect a stay. If the undertakings given by the appellants were such as the statute required to be given for that purpose, the appellants needed no order; if they were not, no order assuming to stay proceedings could aid them.' This construction of section 1331 was approved by the Court of Appeals in *Werner* v. *Tuch* (119 N. Y. 632). The provisions of section 1331 are so analogous to those of section 1328 that the same construction must be applied to both."

It is significant that the respondent makes no contention that there was any authority provided in the Civil Practice Act for the relief which it has obtained by the order appealed from. The respondent based its application solely upon the provisions of the Burchill Act, which is contained in sections 119 to 123 of the Real Property Law (added by Laws of 1933, chap. 729). We think those sections of the Real Property Law have no application whatever

to the question here presented. The only relevant portion of the Burchill Act was contained in the following provision: " In all other cases the reorganization plan shall be deemed binding on all holders of bonds or certificates of shares or parts unless within twenty days after the approval of the plan one-third in principal sum of such holders shall file with the court duly acknowledged dissents therefrom; in which event the plan may be abandoned or may be further modified as the court shall direct, with the same right of dissent as aforesaid as to any subsequently amended plan." (Real Prop. Law, § 122.) Certainly, this provision can afford the respondent no support whatever, for the very good reason that there was no plan in existence at the time said stay was granted. Indeed, the moving affidavit upon which the order was based distinctly negatived the existence of any definite plan, because of the following statement contained in said affidavit, ." and which forms the basis of the plans of reorganization submitted to the Referee for consideration." Also, in another affidavit in support of the application, the affiant states: " That extensive hearings have been conducted before the Referee for the purpose of formulating a plan of reorganization of the bond issue under said Burchill Bill, and numerous plans for reorganization were submitted, and numerous hearings had thereon, and the Referee has now reserved decision as to which plan he will approve."

Furthermore, the appellant herein has appeared specially and objected to the jurisdiction of the court. Such objection was based upon the fact that at no time was any process whatsoever served upon the appellant personally herein. There has been no general appearance on the part of the appellant in the action brought by the plaintiff, respondent. It thus appears that there was issued by the court below, without any notice, personally or otherwise, to the appellant, an order prohibiting the appellant from proceeding with the judgment obtained by her in a court of competent jurisdiction.

We think the order appealed from was wrong, and should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

MARTIN, P. J., McAVOY, O'MALLEY and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.