AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellant, *v.* CLARENCE M. BLODGETT, Sued Herein as " CHARLES " M. BLODGETT, Respondent.

Supreme Court, Appellate Term, First Department, December 30, 1940.

*Simon S. Hamburger*, for the appellant.

*Morton M. Meltzer*, for the respondent.

PER CURIAM. Even though the words " costs and damages " under the context of the undertaking here might be interpreted to

include appellant's disbursements upon appeal, the use of the words " costs and disbursements " provides the acceptable form. Section 159 of the Municipal Court Code requires the payment of " all costs and disbursements awarded against him on the appeal." In any event, plaintiff appellant's exception should have been sustained and justification of sureties disallowed as surety Kremsdorf's testimony was insufficient in respect of his own worth and insufficient and incompetent in respect of surety King who failed to appear (*Haines* v. *Hein,* 67 App. Div. 389.) The practice of this department requires two individual sureties except when there is a responsible surety company. (*Goldmark* v. *Magnolia Metal Co.,* 28 App. Div. 264.)

The section must be read in conformity with section 594 of the Civil Practice Act as the same procedure there required on appeals to the Court of Appeals is by sections 625 and 630 of the Civil Practice Act made applicable to appeals to the Appellate Division and to the Appellate Term. (*Contl. B. & T. Co.* v. *898 West End Ave. Corp.,* 245 App. Div. 86.)

As the surety's obligation is *strictissimi juris,* no change should be made in the undertaking without his assent. Failure of the surety to justify after notice of exception discharges the surety and unless other sufficient sureties justify the undertaking is a nullity. (Mun. Ct. Code, § 160; *Montrose* v. *Baggott,* 161 App. Div. 494; *Manning* v. *Gould,* 90 N. Y. 476.)

Order allowing justification reversed, with ten dollars costs, plaintiff's exceptions sustained, and undertaking vacated.

Appeal from order denying reargument dismissed.

HAMMER and MILLER, JJ., concur; McCook, J., dissents.