J. Irwin Shapiro, J.
The papers upon this motion “ why an Order should not be made staying the execution of the judgment pending the decision by the Appellate Division of the Supreme Court of the State of New York, Second Department ” were only received at my chambers today.
The plaintiff has filed a bond in connection with the judgment obtained by the defendant on its counterclaim. However, the plaintiff has not appealed from that portion of the judgment, *1050 but has only appealed from the portion of the judgment which found against it on its complaint. 'Specifically, the notice of appeal reads as follows: “ Please Take Notice that the plaintiff in this action hereby appeals to the Appellate Division of The Supreme Court of The State of New York for the Second Judicial Department from that part of a judgment entered herein in the office of the Cleric of The County of Kings on the 29th day of August, 1962 which dismissed the plaintiff’s complaint on the merits after trial and from that part of the judgment only.”
Since that portion of the judgment upon which the plaintiff seeks to stay execution has not been appealed from there is no authority for a stay of execution upon the filing of a bond.
Section 615 of the Civil Practice Act provides: “ If an appeal to the appellate division is taken from a judgment or order of the supreme court, a stay of execution results without any order when the appellant gives an undertaking equivalent to that prescribed by section five hundred ninety-three together with proof of compliance with provision (b) of sections five hundred ninety-four, five hundred ninety-five, five hundred ninety-six, five hundred ninety-seven or five hundred ninety-eight, whichever is applicable; or, by order of the supreme court or a justice thereof upon any terms as to security or otherwise as justice requires, except that execution of a judgment or order for the recovery of money only shall not be stayed without security for more than thirty days after the service upon the attorney for the appellant of a copy of the judgment and written notice of the entry thereof.” (Emphasis supplied.)
The various sections of the Civil Practice Act mentioned in section 615 of the Civil Practice Act are not here applicable. Section 593 deals with the security necessary to perfect an appeal to the Court of Appeals. The appeal in this case, insofar as there is any appeal, is to the Appellate Division.
Section 594 of the Civil Practice Act so far as here applicable provides that when a written undertaking is given by an appellant ‘6 to the effect that if the judgment or order appealed from or any part thereof is affirmed, or the appeal is dismissed, he will pay the sum recovered ”, an automatic stay of execution without an order results. Here, the portion of the judgment for which the written undertaking has been given has not been “ appealed from ”. The other sections mentioned are so inapposite to the situation here presented that they need not be discussed.
The court’s power to grant a stay of execution is circumscribed by statute. It has the power and only the power which the statute gives it and u there is no other method of staying *1051 the execution of a money judgment, except by compliance with the provisions of law hereinbefore quoted.” (Continental Bank & Trust Co. v. 898 West End Ave. Corp., 245 App. Div. 86, 88).
The bond in this case recites that the surety “ does hereby pursuant to the Statute in such case made and provided undertake that the plaintiff appellant will pay all costs and damages which may be awarded against the plaintiff appellant on said appeal, not exceeding five hundred dollars, and does also undertake that if the judgment so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the plaintiff appellant will pay the sum recovered or directed to be paid by the judgment or the part thereof as to which it is affirmed.” The judgment described in the undertaking is that part thereof from which no appeal has been taken and therefore the purported undertaking is a nullity.
The plaintiff could have stayed the execution of the judgment on the counterclaim by appealing from the whole of the judgment entered in this action. It made its own choice and did not do so but appealed solely from that part of the judgment which found against it on its complaint. The court, therefore, has no power to stay the execution of that part of the judgment from which no appeal has been taken.
The motion is in all respects denied and the stay is vacated.